Lynn R. KELLETT, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 84A04–9809–CR–440.

Court of Appeals of Indiana.

Sept. 29, 1999.

Ross G. Thomas, Dillon Law Office, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

ROBB, Judge

Lynn R. Kellett was found guilty by a jury of operating a vehicle while intoxicated resulting in serious bodily injury,[1] a Class D felony. As part of her sentence, the trial court ordered Kellett to pay restitution to Cheryl Fischer in the amount of $140,750.46. Kellett now appeals her conviction and the order of restitution. We affirm the conviction, but reverse the restitution order and remand to the trial court for re-determination of the amount of restitution.

### Issues

Kellett raises the following restated issues for our review:

---

1. Ind.Code § 9–30–5–4.

1. Whether the trial court erred in admitting certain photographs of the victim over Kellett's objection;

2. Whether the restitution order was in excess of actual loss incurred by Fischer; and

3. Whether Kellett received the effective assistance of counsel at her sentencing hearing.

### Facts and Procedural History

The facts most favorable to the judgment reveal that on July 20, 1996, Kellett struck Fischer with her car as she was walking along a country road. Kellett was intoxicated. As a result of the accident, Fischer sustained permanent physical and mental injuries.

Consequently, the State charged Kellett with operating a vehicle while intoxicated resulting in serious bodily injury. At trial, three photographs of Fischer in the intensive care unit of the hospital were admitted into evidence by the State over Kellett's objection.

A jury found Kellett guilty as charged. At the sentencing hearing, Brenda Fischer, the mother of the victim, testified that her daughter had incurred $140,750.46 in unreimbursed medical expenses. Moreover, a ledger created by Brenda Fischer was admitted into evidence showing the amount of paid and outstanding medical expenses. Brenda Fischer was not cross-examined by Kellett's trial counsel. Furthermore, Kellett's counsel did not object to the admission of the ledger into evidence.

The trial court sentenced Kellett to the Indiana Department of Correction for eighteen months, all but two days suspended. Kellett was placed on eighteen months formal probation and ordered to serve 180 days on home detention. In addition, the trial court ordered Kellett to pay restitution to Fischer in the amount of $140,750.46.

### Discussion And Decision

### I. Admission of Photographs

Kellett contends that the trial court erred in admitting into evidence three photographs of Fischer in the intensive care unit of the hospital. Specifically, she argues that the photographs were highly prejudicial. In addition, Kellett argues that the photographs were unnecessary in view of her offer to stipulate that Fischer suffered serious bodily injury as a result of the accident. We disagree with both of Kellett's contentions.

#### A. Standard of Review for Admission of Evidence

■ Photographs depicting the victim's injuries or demonstrating a witness's testimony are generally relevant, and therefore admissible. *Allen v. State,* 686 N.E.2d 760, 776 (Ind.1997). *See also* Ind. Evidence Rules 401 and 402. However, "[o]therwise relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice or needless presentation of cumulative evidence." Evid. R. 403. Moreover, a claim of error in the admission or exclusion of evidence will not prevail on appeal "unless a substantial right of the party is affected." Evid. R. 103(a). We review the trial court's ruling for abuse of discretion. *Ealy v. State,* 685 N.E.2d 1047, 1049–50 (Ind.1997).

#### B. Prejudicial Nature of Photographs

■ Kellett contends that the probative value of the photographs is substantially outweighed by the prejudicial effect on the jury.

The State in a criminal trial carries the burden of proving every element of the crime charged beyond a reasonable doubt. In order to satisfy its evidentiary burden under Indiana Code section 9–30–5–4, the State had to prove that Kellett's actions resulted in "serious bodily injury" to another person. *See Mehidal v. State,* 623 N.E.2d 428, 435 (Ind.Ct.App.1993).

The State introduced the photographs in order to prove that Fischer had suffered severe injuries. The three photographs depict Fischer in the intensive care unit of the hospital at different stages of medical treatment. One photograph was a view of Fischer with a probe inserted in her head that measured swelling of the brain. Another photograph shows Fischer in a special bed that rotated in order to dissipate the liquid in her lungs. It also shows her wearing special shoes which were to increase her future chances of walking again. The last photograph shows Fischer with several IV's attached to her body.

■ Photographs are admissible as evidence when a witness would be permitted to describe what they depict and the photograph is an accurate representation of what it purports to represent. *McNary v. State*, 460 N.E.2d 145, 148 (Ind.1984). Brenda Fischer, Amy Hinkle, and Dr. Zody testified that the photographs accurately reflected Fischer's injuries. Thus, the photographs were clearly relevant in aiding the jury in assessing the extent of Fischer's injuries.

Relevant evidence may nonetheless be excluded if its probative value is substantially outweighed by the danger of unfair prejudice to the jury. Evid. R. 403. We are unconvinced that the admission of the photographs depicting the serious injury resulting from Kellett's actions heightened the reaction felt by jurors regarding this case. The three photographs were neither gruesome nor revolting. They merely depicted Fischer in the hospital receiving medical treatment. Courts of this state have upheld the admission of much more graphic photographs. *See Byers v. State*, 709 N.E.2d 1024, 1028 (Ind.1999) (photographs of victim at crime scene depicting knife wounds on neck admitted); *Harrison v. State*, 699 N.E.2d 645, 648 ( Ind.1998) (autopsy photographs depicting victim with five gunshot wounds admitted); *Gant v. State*, 694 N.E.2d 1125, 1129 (Ind.1998) (autopsy photographs depicting victim with nine stab wounds admitted).

Furthermore, the photographs illustrate the testimony of witnesses that Fischer suffered severe injuries. The Indiana Supreme Court has stated that "even gory and revolting photographs may be admissible as long as they are relevant to some material issue or show scenes that a witness could describe orally." *Amburgey v. State*, 696 N.E.2d 44, 45 (Ind.1998).

Because any potential for prejudice does not outweigh the photograph's probative value, the trial court did not abuse its discretion by admitting the photographs into evidence.

### C. Refused Stipulation

■ Kellett also contends that the photographs should have been excluded because she offered to stipulate that Fischer suffered "serious bodily injury" as a result of the accident. The State refused to stipulate on that issue. R. 639.

■ A defendant's objection pursuant to Rule 403 of the Indiana Rules of Evidence and his offer to concede a point generally cannot prevail over the government's choice to offer evidence showing guilt and all the circumstances surrounding the offense. *Sams v. State*, 688 N.E.2d 1323, 1325 (Ind.Ct.App.1997). *See Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997) (stating the same with respect to the identical Federal Rule of Evidence 403). Moreover, one party's willingness to enter into a stipulation has no significance unless the other party is also willing to enter the stipulation. *Brown v. State*, 448 N.E.2d 10, 16 (Ind.1983).

Because the State was entitled to prove its case by evidence of its own choice, and because a criminal defendant may not unilaterally stipulate her way out of the full evidentiary force of the case to be presented against her, the trial court did not abuse its discretion in admitting the photographs over Kellett's objection and offer to stipulate to the facts proven by the photographs.

## II. Restitution Order

Kellett contends that the restitution order was improper because it was not based on Fischer's actual costs incurred before the date of sentencing. Specifically, she argues that the ledger contains mathematical errors and duplicate charges. We agree.

### A. Standard of Review for Restitution Order

■ An order of restitution is within the trial court's discretion and will be reversed only upon finding an abuse of discretion. *Vanness v. State*, 605 N.E.2d 777, 783 (Ind.Ct.App.1992), *trans. denied.* Under an abuse of discretion standard, we will affirm the trial court's decision if there is any evidence supporting the decision. *Gleason v. Bush*, 689 N.E.2d 480, 484 (Ind. Ct.App.1997).

### B. Evidence of Actual Costs

Kellett contends that the restitution order is invalid because it is not based on actual costs incurred by Fischer before the date of sentencing. Specifically, she states that the ledger upon which the amount of the restitution order is based contains mathematical errors and duplicate medical charges.

The trial court has the authority to order a defendant convicted of a felony to make restitution. Ind.Code § 35–50–5–3(a).[2] Courts utilize restitution to impress upon a criminal defendant the magnitude of the loss he has caused and his responsibility to make good the loss as completely as possible. *Kotsopoulos v. State*, 654 N.E.2d 44, 46 (Ind.Ct.App.1995), *trans. denied.* Moreover, an order of restitution is as much a part of a criminal sentence as a fine or other penalty. *Id.*

■ A restitution order shall be based upon a consideration of "medical and hos-pital costs incurred by the victim (before the date of sentencing) as a result of the crime." Ind.Code § 35–50–5–3(a)(2). Only actual costs incurred by the victim before the date of sentencing may be considered. *Kotsopoulos*, 654 N.E.2d at 46. The amount of actual loss is a factual matter which can be determined only upon the presentation of evidence. *Smith v. State*, 471 N.E.2d 1245, 1247–48 (Ind.1984).

During Kellett's sentencing hearing, the State introduced into evidence a ledger compiled by Brenda Fischer which contained a summary of medical expenses. Kellett argues that "several of the charges appear to be duplicated on the ledger." Brief of Appellant at 8. Moreover, she argues that the ledger contains mathematical errors. *Id.*

After examining the ledger, we agree that it appears to have errors and duplicate charges. Kellett points to two items contained in the ledger as examples of the duplication: "a balance of $32,058.66 from Methodist Hospital for the period of August 21, 1996 through November 27, 1996 appears twice as does a charge of $11,661.57 from Methodist Hospital for September 17 through September 25, 1996." *Id.* In regards to the mathematical errors, Kellett states that "the sum of the subtotals from the ledger for balance ($140,750.76) and total paid ($448,419.99) do not equal the total charges ($597,495.75). This indicates that addition errors are contained in the ledger which impacts its accuracy." *Id.*

If the ledger is not accurate then the restitution order is invalid because it was not based on actual costs incurred by Fischer. The accuracy of the ledger is especially important because the trial court utilized the ledger as the sole basis for the amount of the restitution order.

---

**2.** Ind.Code § 35–50–5–3(a) provides in pertinent part that " ... in addition to any sentence imposed under this article for a felony or misdemeanor, the court may, as a condition of probation or without placing the person on probation, order the person to make restitution to the victim of the crime, the victim's estate, or the family of the victim who is deceased."

■ However, errors notwithstanding, Kellett failed to object to the admission of the ledger. R. 1383. A specific and timely objection and offer of proof must be made in order to preserve for appeal a claim of error in the admission or exclusion of evidence. *Carter v. State*, 634 N.E.2d 830, 833 (Ind.Ct.App.1994). Kellett has thus waived this error.

### III. Ineffective Assistance of Counsel

In order to avoid waiving consideration of the errors in the ledger, Kellett contends that she was denied the effective assistance of trial counsel. Specifically, she argues that counsel was ineffective because he: (1) failed to object to the admission of the ledger into evidence; (2) failed to adequately review the ledger; and (3) failed to cross-examine Brenda Fischer regarding the accuracy and reliability of the ledger. We agree.

#### A. Standard of Review

■ To establish a violation of the Sixth Amendment right to effective assistance of counsel, Kellett must show: (1) that her counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms; and (2) a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Rondon v. State*, 711 N.E.2d 506, 517–18 (Ind.1999). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. More recently, the Supreme Court of the United States held that prejudice resulting from ineffective assistance of counsel is not established unless the error rendered the result of the proceeding fundamentally unfair or unreliable. *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). The two prongs of *Strickland* are separate and independent inquires; hence "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." *Strickland*, 466 U.S. at 697, 104 S.Ct. 2052.

■ In evaluating counsel's performance, there is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment, and the burden falls on the petitioner to overcome the presumption. *Lee v. State*, 694 N.E.2d 719, 720 (Ind.1998), *cert. denied*, —— U.S. ——, 119 S.Ct. 554, 142 L.Ed.2d 461 (1998). Isolated poor strategy or bad tactics do not necessarily constitute ineffective assistance of counsel. *Whitener v. State*, 696 N.E.2d 40, 42 (Ind. 1998). A deliberate choice made by an attorney for a tactical or strategic reason does not establish ineffective assistance of counsel even though the choice may be subject to criticism or the choice ultimately proves to be detrimental to the defendant. *Seaton v. State*, 478 N.E.2d 51, 54 (Ind. 1985). Thus, the burden of proving counsel's ineffectiveness rests squarely on the shoulders of the claimant. *Allen v. State*, 686 N.E.2d 760, 777 (Ind.1997).

#### B. Trial Counsel's Performance at the Sentencing Hearing

##### 1. Failure to Object

■ Kellett contends that her trial counsel was ineffective at the sentencing hearing because he failed to object to the admission of the ledger into evidence.

■ Where a claim of ineffective assistance is based on a failure to object, the defendant must demonstrate that a proper objection, if made, would have been sustained by the trial court. *Cossel v. State*, 675 N.E.2d 355, 361 (Ind.Ct.App. 1996). We are not persuaded that, had trial counsel objected to the to the admission of the ledger, the trial court would have sustained the objection. The ledger is relevant because it contained a list of Fischer's medical expenses. *See* Evid. R.

413.[3] Moreover, the fact that the ledger was a summary of the expenses does not deem it inadmissible. *See* Evid. R. 1006.[4] Thus, we find no deficient performance in the failure to object to the admission of the ledger.

### 2. Failure to Review

■ Kellett also contends that trial counsel was ineffective because he failed to review the ledger. Kellett argues that "had he reviewed the document he would have discovered its apparent flaws." Brief of Appellant at 9.

Trial counsel should have scrutinized the ledger before it was admitted into evidence. The trial court based the amount of the restitution order on the amount of Fischer's unreimbursed medical expenses as reflected in the ledger. Because the ledger appears on its face to contain duplicate charges and mathematical errors, we are convinced that an adequate review by counsel would have led to discovery of the discrepancies.

However, based on the record before us, we are unable to discern whether trial counsel carefully reviewed the ledger as he should have prior to its admission into evidence. In addition, an effective cross-examination of the witness who produced the ledger would have sufficed to inform the trial court of the inaccuracies contained in the ledger. Thus, we are unconvinced that trial counsel's alleged failure to adequately review the ledger standing alone is sufficient to support Kellett's claim.

### 3. Failure to Cross–Examine

■ Finally, Kellett contends that trial counsel was ineffective because he failed to cross-examine Brenda Fischer. She argues that "had he questioned the witness he could have determined how and when the document was created so as to establish its reliability." Brief of Appellant at 9.

Brenda Fischer testified at the sentencing hearing that she created the ledger in order to keep track of the medical expenses Fischer incurred as a result of the accident. R. 1381. Moreover, she testified that Fischer had incurred $140,750.46 in unreimbursed medical expenses as of the sentencing date. R. 1382.

■ Standing alone, counsel's decision not to cross-examine Brenda Fisher is insufficient to satisfy the first prong of the *Strickland* test, that counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms. 466 U.S. at 687, 104 S.Ct. 2052. The decision of trial counsel not to cross examine a witness is a strategic call that will rarely support a Sixth Amendment violation.

### 4. Cumulative Errors

■ We view ineffectiveness of counsel as an issue ultimately turning on the *overall* performance of a counsel. *State v. Moore,* 678 N.E.2d 1258, 1261 (Ind.1997). We acknowledge that not every attorney defends his client the same way. However, we are convinced that counsel's overall performance at the sentencing hearing was below the prevailing professional norms.

Trial counsel had a duty to Kellett to determine whether the ledger was a reliable and accurate representation of Fisch-

---

**3.** Evid. R. 413 provides that "[s]tatements of charges for medical, hospital or other health care expenses for diagnosis or treatment occasioned by an injury are admissible into evidence. Such statements shall constitute prima facie evidence that the charges are reasonable."

**4.** Evid. R. 1006 provides that "[t]he contents of voluminous writings, recordings, or photo-

graphs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at a reasonable time and place. The court may order that they be produced in court."

er's unreimbursed medical expenses.[5] This is especially true because: (1) the medical expenses were significant; (2) the ledger represented multiple charges and reimbursements over a two year period; (3) the charges were from several different health care providers; (4) the ledger was susceptible to human error; and (5) some of the charges had been paid by Fischer's insurance.

Considering counsel's failure to adequately review the ledger, or to cross-examine Brenda Fischer, we hold that Kellett has satisfied the first prong of the *Strickland* test for ineffective assistance.

In order to prevail on her ineffective assistance claim, Kellett still must satisfy the second prong of the *Strickland* test, that the lack of reasonable representation prejudiced her. 466 U.S. at 687, 104 S.Ct. 2052. Kellett alleges prejudice in that the restitution order is not based on actual costs incurred by Fischer as of the sentencing date as required by statute. In addition, she argues that she was prejudiced because counsel did not preserve the error for appeal.

We are convinced that counsel's actions have prejudiced Kellett. Counsel allowed the ledger to be admitted into evidence without challenging its accuracy or reliability. On its face, the ledger appears to include duplicate amounts and mathematical errors. Moreover, counsel waived the error for appeal by not objecting to the admission of the ledger into evidence at the sentencing hearing. Thus, we conclude that Kellett was denied the effective assistance of counsel.

### Conclusion

Based on the foregoing, we hold that the trial court properly admitted into evidence the photographs of Fischer in the intensive care unit of the hospital and we therefore affirm her conviction. However, we hold that Kellett was denied the effective assistance of trial counsel at sentencing. With regards to the judgment, we hold that the ledger on which the trial court relied to order restitution did not accurately reflect Fischer's actual loss. Thus, we reverse and remand on the sole issue of the amount of the restitution order. The judgment is affirmed in all other respects.

Affirmed in part, reversed and remanded in part.

FRIEDLANDER, J., and RILEY, J., concur.

---

5. We recognize that the strict rules of evidence do not apply to sentencing hearings. See Evid. R. 101(c). The rationale for the relaxation of the evidentiary rules at sentencing is that unlike at trial, the evidence is not confined to the narrow issue of guilt. Instead, the task is to determine the type and extent of punishment. *Thomas v. State,* 562 N.E.2d 43, 47 (Ind.Ct.App.1990). Even with the lower evidentiary standard, counsel's performance at the sentencing hearing was deficient because of his failure to challenge in any way available to him the accuracy of the ledger.