Jeremiah SHANE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 52A02–0202–CR–177.

Court of Appeals of Indiana.

June 18, 2002.

though the television was on, one of the accomplices threw a brick through the patio window. Shane, wearing a bandana, entered the home, observed someone sleeping upstairs, and returned downstairs to look for items to steal. Meanwhile, his accomplices cut the telephone lines attached to the outside of the home. Before leaving, Shane and his accomplices took cash, checks, and car keys from the residence. With the proceeds of the burglary, one of the accomplices purchased methamphetamine. With his share of the stolen money, Shane purchased a handgun and accessories.

On June 20, 2001, Shane waived his Miranda rights and gave a statement to police in which he confessed to his part in the burglary. On June 27, 2001, Shane was charged with burglary as a class B felony and theft as a class D felony. An initial hearing was held on June 28, 2001. At that time, Shane entered a plea of not guilty and the trial court appointed him a public defender.[1] On June 29, 2001, defense counsel entered his appearance on Shane's behalf.

On August 23, 2001, Shane entered into a plea agreement with the State. Shane agreed to plead guilty to burglary, leaving sentencing to the trial court's discretion. The trial court advised Shane of his rights prior to accepting his plea, and Shane stated that he understood his rights. Shane then entered a plea of guilty and stated that he believed his attorney had represented him fairly. Shane testified that on June 19, 2001, he and several accomplices broke into the Wrights' residence, armed with a shotgun and intending to steal. A presentence investigation was ordered, and a sentencing hearing was scheduled for September 20, 2001.

William E. Daily, Danville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Cecelia K. Hemphill, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

DARDEN, Judge.

*STATEMENT OF THE CASE*

Jeremiah Shane ("Shane") appeals his sentence imposed by the trial court for burglary as a class B felony.

We affirm in part, and reverse and remand in part.

*ISSUES*

1. Whether the trial court abused its discretion in sentencing Shane.

2. Whether Shane received ineffective assistance of counsel.

*FACTS*

During the early morning hours of June 19, 2001, Shane and several accomplices, one of whom had a shotgun, arrived at the home of Donald and Carolyn Wright. Al-

1. Counsel representing Shane in this appeal was not his trial counsel.

On September 12, 2001, the presentence investigation report was filed with the court. Included was an unsigned victim impact statement listing the total claim for restitution as $12,092.09, with $1,521.98 covered by Pekin Insurance. In addition, a one-page estimate of stolen cash and checks totaling $10,108.49, signed by Donald Wright, was attached.

On September 20, 2001, the sentencing hearing was held. Concerning the presentence investigation report, the trial court asked, "Any additions or corrections that need to be made?" (App. p. 183). Defense counsel replied, "None we know of Judge." (App. p. 183). Although the Wrights were present, the State did not present any evidence. After testimony from Shane and his character witnesses was heard, the trial court found the following aggravating circumstances: (1) that the burglary was well-planned; (2) that Shane chose to enter an occupied residence, as evidenced by the television being on; (3) that drugs and handguns had been purchased with the proceeds of the burglary; and (4) that the crime had traumatized the victims. The trial court found Shane's lack of criminal history to be a mitigating circumstance. The trial court then sentenced Shane to a twelve-year sentence with six years suspended, to be served on probation. Shane was also ordered to make restitution, jointly and severally with his co-defendants, in the amount of $12,092.09 to the victims and $1,521.28 to Pekin Insurance.

### DECISION

#### 1. *Sentencing*

Shane appeals the trial court's sentence. Specifically, he argues that the aggravating circumstances found by the trial court are elements of the charged offense and are not supported by the evidence in the record.

 Sentencing lies within the discretion of the trial court. *Walter v. State,* 727 N.E.2d 443 (Ind.2000). "We review sentencing decisions, including decisions to enhance the presumptive sentence or to run sentences consecutively due to aggravating circumstances, only for abuse of discretion." *Id.* at 446. When a trial court imposes a sentence other than the presumptive sentence or orders consecutive sentences, even though not required to do so by statute, we will examine the record to ensure that the trial court explained its reasons for selecting the sentence it imposed. *Id.*

 Indiana Code § 35–50–2–5 states that a person who commits a Class B felony shall be imprisoned for a term of 10 years, with not more than 10 years added for aggravating circumstances nor more than 4 years subtracted for mitigating circumstances. If a trial court chooses to enhance a sentence, it must " '(1) identify all significant aggravating and mitigating circumstances; (2) state the specific reason why each circumstance is determined to be mitigating or aggravating; and (3) articulate the court's evaluation and balancing of the circumstances.' " *Allen v. State,* 722 N.E.2d 1246, 1250–1251 (Ind.Ct. App.2000) (quoting *Thacker v. State,* 709 N.E.2d 3, 9 (Ind.1999)).

Among those factors which *shall* be considered by the trial court are the risk that the defendant will commit another crime; the nature and circumstances of the crime; the defendant's prior criminal record, character, and conditions; the age of the victim; the existence of a protective order; and any oral or written statement made by the victim. Ind.Code § 35–38–1–7.1(a) (2001). In addition, a court *may* consider the aggravating and mitigating circumstances outlined in Indiana Code §§ 35–38–1–7.1(b) and (c) to determine whether to enhance a sentence. However, the trial

court may consider other matters not listed under subsections (b) and (c) to determine the sentence. Ind.Code § 35–38–1–7.1(d) (2001).

■■■ Additionally, one aggravating circumstance is enough to support enhancement of a sentence. *Buchanan v. State,* 699 N.E.2d 655 (Ind.1998). Further, a trial court is not required to find mitigating factors or give them the same weight as the defendant, nor is the trial court obligated to accept the defendant's assertion of what constitutes a mitigating factor. *Allen,* 722 N.E.2d 1246.

■■■ In this case, the trial court found as aggravating circumstances that the burglary was well planned; that Shane entered an occupied dwelling; that the proceeds were used to purchased drugs and handguns; and that the victims had been traumatized. Shane is correct that a trial court may not use a material element of the offense as an aggravating circumstance. *See Lemos v. State,* 746 N.E.2d 972 (Ind.2001). "However, the trial court may find the nature and circumstances of the offense to be an aggravating circumstance." *Id.* at 975.

■■■ We find that the aggravating circumstances found by the trial describe the nature and circumstances of the burglary, not the material elements. Additionally, evidence in the record supports the aggravating circumstances. Shane's statement to police and his testimony at the sentencing hearing reveal that he and his accomplices had planned to go the Wrights' home to rob the safe. Bandanas were used to hide their faces and the telephone wires were cut. Further, the record reveals that a brick was thrown through the patio window despite the fact that the television was on, a disturbing sense of audacity. While Shane did not purchase methamphetamine with his share, his testimony shows that he did use some of the drug and purchased a hand-gun with his ill-gotten share. Finally, the Wrights' victim impact statement supports the trial court's finding that they were traumatized. The Wrights stated that they feel like prisoners in their own home and have spent a considerable sum of money installing a security system. They feel that their sense of security has been taken from them. We find that the trial court did not err in imposing Shane's sentence.

### 2. *Effective Assistance of Counsel*

Shane argues that he received ineffective assistance of counsel. Specifically, he claims that the trial court's restitution order is not based on the actual cost incurred by the Wrights, and that it requires him to compensate the Wrights even though they have been partially compensated by Pekin Insurance. Shane argues that he has been prejudiced by his counsel's failure to examine and challenge the estimates contained in the presentence investigation report.

■■■ Indiana Code § 35–50–5–3 gives authority to a trial court to order a person sentenced for a felony or misdemeanor to make restitution to the victim of the crime. Concerning restitution for property damage incurred as a result of the crime, the trial court's restitution order must be based on the actual cost or repair. I.C. § 35–50–5–3(a)(1) (2001). "The amount of actual loss is a factual matter which can be determined only upon the presentation of evidence." *Kellett v. State,* 716 N.E.2d 975, 980 (Ind.Ct.App. 1999). A restitution order is within the trial court's discretion and will only be reviewed for an abuse of that discretion. *Roach v. State,* 695 N.E.2d 934 (Ind.1998). "Under an abuse of discretion standard, we will affirm the trial court's decision if there is any evidence supporting the decision." *Kellett,* 716 N.E.2d at 980.

In this case, Shane did not object to the admission of the presentence investigation

report. To avoid waiving consideration of the alleged errors in the report, he argues that he was denied effective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, Shane must show (1) that counsel's performance fell below an objective standard of reasonableness as determined by prevailing professional norms, and (2) that the lack of reasonable representation prejudiced him. *Rondon v. State*, 711 N.E.2d 506 (Ind. 1999). Shane must rebut the presumption that counsel "exercised reasonable judgment and rendered adequate with strong and convincing evidence to the contrary." *Id.* at 517. Even if Shane establishes that his attorney's performance fell below an objective standard of reasonableness, he must still show that he was prejudiced. *Id.* In other words, that counsel's deficient performance rendered the result of the proceedings unreliable or fundamentally unfair. *Id.*

> Isolated poor strategy or bad tactics do not necessarily constitute ineffective assistance of counsel. A deliberate choice made by an attorney for a tactical or strategic reason does not establish ineffective assistance of counsel even though the choice ultimately proves to be detrimental to the defendant. Thus, the burden of proving counsel's ineffectiveness rests squarely on the shoulders of the claimant.

*Kellett*, 716 N.E.2d at 981.

We have addressed the issue of effective assistance of counsel as it relates to the accuracy of restitution orders in *Kellett*, 716 N.E.2d 975. In that case, Kellett was convicted of operating a vehicle while intoxicated resulting in serious bodily injury and was given a sentence that included an order to pay restitution in the amount of $140,750.46. The trial court's sole basis for determining the amount of restitution was a ledger of medical expenses kept by the victim's mother. The State introduced the ledger into evidence. Kellett's counsel did not object, review the ledger, or cross-examine the victim's mother about the ledger.

On appeal, we noted that ineffectiveness of counsel is viewed as an issue ultimately turning on the *overall* performance of a counsel. Standing alone, counsel's failure to object, review documents, or cross-examine witnesses was not sufficient to satisfy the first prong of the ineffective assistance of counsel test, that counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms. However, we found that, even with the lower evidentiary standard in sentencing hearings, attorneys have a duty to determine the reliability and accuracy of evidence submitted to assist the trial court's determination of the type and extent of punishment to be imposed against their clients. *Id.* Because the restitution order was for a large sum of money, the ledger contained duplicate charges and mathematical errors, and some charges were paid by insurance, we held that the performance of Kellett's counsel's performance fell below prevailing norms because he did not review the ledger or cross-examine the victim's mother. In addition, we held that because the restitution order did not reflect the actual cost incurred by the victim, Kellett was prejudiced by counsel's failure to review the ledger to determine its accuracy or reliability.

 In this case, there is no evidence about Shane's attorney reviewing the estimate of damages included in the presentence investigation report. However, we note that there are discrepancies that make it difficult to tabulate the actual loss incurred by the Wrights. For example, the victim impact statement lists $10,298.73 as the value of property stolen and $1,793.36 as the value of property damaged, totaling $12,092.09. Also listed

is an amount of $1,521.28 covered by Pekin Insurance. Donald Wright's estimate of the $10,108.49 in stolen property is not consistent with the victim impact statement, and there is no additional evidence in the record explaining this discrepancy. Further, the restitution order appears to require Shane to make duplicate payments to the Wrights and Pekin Insurance. If Pekin Insurance covered $1,521.28 of the damage to the Wrights' property, the restitution order should reduce the amount Shane should pay them in order to reflect the actual cost incurred by the Wrights.

The fact that his attorney did not catch these discrepancies supports Shane's argument that his attorney did not review the figures in the presentence investigation report. It is especially important that the estimates in the report be accurate because they are the sole basis for the trial court's restitution order. As a result, we find that Shane's attorney's failure to determine the accuracy and reliability of the estimates in the presentence investigation report fell below prevailing professional norms. We also find that Shane was prejudiced. Indiana Code § 35–50–5–3(a)(1) requires that a restitution order based on property damages be based on the actual cost to the Wrights. As the actual cost cannot be accurately determined from the figures contained in the presentence investigation report, we reverse and remand to the trial court for the sole purpose of ascertaining the amount of the restitution order. The judgment is affirmed in all other respects.

Affirmed in part, reversed and remanded in part.

SULLIVAN, J., and BAKER, J., concur.