Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**KATHRYN C. BYROM**
Kendallville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RACHEL ANN RUCH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 57A05-1202-CR-96 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE NOBLE SUPERIOR COURT
The Honorable Robert E. Kirsch, Judge
Cause No. 57D01-1105-FA-17

**August 13, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Rachel Ann Ruch appeals from a judgment for restitution following her guilty plea and conviction for Class B felony Dealing in Methamphetamine.[1] Specifically, Ruch contends that the trial court abused its discretion in ordering that she pay $8544.74 in restitution to Steve Lemish for costs incurred to repair damages to an apartment which resulted from her act of manufacturing and using methamphetamine. We affirm.

## FACTS AND PROCEDURAL HISTORY

Our opinion in Ruch's direct appeal of the sentence imposed by the trial court instructs us as to the underlying facts leading to this appeal of the trial court's restitution order:

> Ruch lived with her boyfriend, Kevin Ballard, in an apartment in Kimmell, Indiana. On May 1, 2011, officers went to the apartment building to serve an arrest warrant on Ruch. The officers found Ballard in his apartment and found Ruch hiding in her car in the parking lot. The police found four bottles being used to make methamphetamme in the car where Ruch was hiding, and a search of Ruch's purse revealed a device used for smoking methamphetamme. Subsequently, the police obtained a search warrant for Ruch and Ballard's apartment and found paraphernalia associated with the production of methamphetamme.
>    The State charged Ruch with dealing in methamphetamine within 1000 feet of a family housing complex, a Class A felony, Ind. Code § 35-48-4-1.1; maintaining a common nuisance, a Class D felony, Ind. Code § 35-48-4-13 (2001); possession of methamphetamine, a Class D felony, Ind. Code § 35-48-4-6.1 (2006); and possession of paraphernalia, a Class A misdemeanor, Ind. Code § 35-48-4-8.3. Ruch pleaded guilty to manufacturing methamphetamine as a Class B felony and possession of paraphernalia. Subsequently, the trial court sentenced Ruch to an aggregate term of fifteen years, with five years suspended to probation.

*Ruch v. State*, 57A03-1111-CR-498 (Ind. Ct. App. Apr. 4, 2012). On appeal, Ruch argued

---

[1] Ind. Code § 35-48-4-1.1 (2010).

2

that the sentenced imposed by the trial court was inappropriate in light of the nature of her offenses and her character. We affirmed, concluding that Ruch's sentence was indeed appropriate in light of her offenses and character. *Id*.

The trial court conducted a restitution hearing on February 10, 2012. During the restitution hearing, the trial court heard testimony from Lemish regarding the costs he incurred in decontaminating the apartment Ruch shared with Ballard. At the conclusion of the restitution hearing, the trial court entered a judgment against Ruch to pay restitution in the sum of $8544.74 to Lemish. The trial court ordered Ruch's liability to be joint and several with any liability established against Ballard for the same damages. The trial court further ordered that Ruch's restitution hearing be reset upon her release from incarceration and at the beginning of her probation, "at which time the [trial court] will hear evidence as to [her] ability to pay and manner of payment as a condition of [her] probation." Appellant's App. 25. This appeal follows.

## DISCUSSION AND DECISION

Ruch contends that the trial court abused its discretion in ordering that she pay $8544.74 in restitution to Lemish. Specifically, Ruch argues that the trial court abused its discretion because the evidence is insufficient to prove that the damage to the apartment was caused by her criminal activity. An order of restitution is within the sound discretion of the trial court and will only be reviewed for an abuse of that discretion. *Roach v. State*, 695 N.E.2d 934, 943 (Ind. 1998). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances. *Smith v. State*, 963 N.E.2d 1110, 1112

3

(Ind. 2012).

> A restitution order must be supported by sufficient evidence of actual loss sustained by the victim or victims of a crime. *See* [*Lohmiller v. State*, 884 N.E.2d 903, 916 (Ind. Ct. App. 2008)]. "The amount of actual loss is a factual matter that can be determined only upon the presentation of evidence." [*Bennett v. State*, 862 N.E.2d 1281, 1287 (Ind. Ct. App. 2007)].… We will affirm the trial court's order if sufficient evidence exists to support its decision. *Creager v. State*, 737 N.E.2d 771, 779 (Ind. Ct. App. 2000), *trans. denied.*

*Rich v. State*, 890 N.E.2d 44, 49 (Ind. Ct. App. 2008).

"'The purpose behind an order of restitution is to impress upon the criminal defendant the magnitude of the loss he has caused and to defray costs to the victim caused by the offense.'" *Id*. (quoting *Carswell v. State*, 721 N.E.2d 1255, 1259 (Ind. Ct. App. 1999)). With respect to restitution orders, Indiana Code section 35-50-5-3(a)(1) (2010) provides in relevant part that:

> in addition to any sentence imposed under this article for a felony or misdemeanor, the court may, as a condition of probation or without placing the person on probation, order the person to make restitution to the victim of the crime, the victim's estate, or the family of a victim who is deceased. The court shall base its restitution order upon a consideration of:
> (1) property damages of the victim incurred as a result of the crime, based on the actual cost of repair (or replacement if repair is inappropriate)[.]

We have recognized that restitution must reflect the actual loss incurred by the victim. *Rich*, 890 N.E.2d at 51 (citing *Shane v. State*, 769 N.E.2d 1195, 1199 (Ind. Ct. App. 2002)). "The harm or loss must come as 'a direct and immediate result of the criminal acts of a defendant.'" *Id*. (quoting *Huddleston v. State*, 764 N.E.2d 655, 657 (Ind. Ct. App. 2002)).

Ruch claims that the evidence is insufficient to support the trial court's determination

that the damage to the apartment was caused by her criminal actions. Ruch admits that she smoked methamphetamine in the apartment but claims that, as her guilty plea allegedly indicates, she only admitted to having manufactured methamphetamine in her car, not the apartment. However, Ruch has failed to include any evidence relating to her underlying crimes, including a copy of the charging information, the probable cause affidavit, her guilty plea, or a transcript of the guilty plea hearing, in support of her claim. Conversely, contrary to Ruch's claim in the instant appeal, our opinion in her direct appeal of her sentence indicates that she, together with Ballard, manufactured methamphetamine both in the apartment and in her car. *Ruch*, 57A03-1111-CR-498 (Ind. Ct. App. Apr. 4, 2012). Thus, in the absence of any evidence contrary to our prior conclusions regarding Ruch's underlying criminal actions, we cannot say that the trial court abused its discretion finding that the damage to the apartment was caused by Ruch's criminal acts.[2]

The judgment of the trial court is affirmed.

ROBB, C.J., and BAKER, J., concur.

---

[2] Ruch does not dispute Lemish's testimony that the methamphetamine contamination caused $8544.74 in property damage to the apartment.