## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Carlos I. Carrillo
Greenwood, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Shannon Breaux,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff,*

December 10, 2019

Court of Appeals Case No.
19A-CR-1268

Appeal from the Tippecanoe
Superior Court

The Honorable Randy J. Williams,
Judge

Trial Court Cause No.
79D01-1806-F5-116

**Robb, Judge.**

# Case Summary and Issues

[1] Shannon Breaux pleaded guilty to neglect of a dependent, a Level 6 felony, and battery resulting in bodily injury to a person less than fourteen years of age, a Level 5 felony. The trial court sentenced Breaux to serve two years for the neglect of a dependent conviction and five years for the battery conviction, to be served concurrently in the Indiana Department of Correction ("DOC"). The trial court then issued a written sentencing order, in which it sentenced Breaux to five years for each conviction to be served concurrently. Breaux appeals and raises four issues for our review, which we restate as: (1) whether the trial court erred by allowing the State to reference certain evidence during sentencing; (2) whether the trial court abused its discretion in sentencing Breaux; (3) whether Breaux's aggregate sentence is inappropriate in light of the nature of the offenses and his character; and (4) whether the trial court entered a written sentencing order containing a clerical error warranting remand. Concluding the trial court did not err with respect to the evidence presented at the sentencing hearing or in sentencing Breaux, Breaux's sentence is not inappropriate, and that the trial court's sentencing order contains a clerical error, we affirm and remand.

# Facts and Procedural History

[2] On June 20, 2018, the Tippecanoe County Sheriff's Department received reports regarding several incidents in which two children had been tied up in Breaux's home. Breaux; his daughter, L.B.; his girlfriend, A.S.; and A.S.'s son,

J.S., all resided in the home. At the time, L.B. was five years old and J.S. was six years old. Officers visited the home to do a welfare check and observed a "cloth-like restraint system" hanging in the living room, which was an adult sex restraint device Breaux used to punish the children. Appellant's Appendix, Volume 2 at 12. Breaux would place a rope around the children's neck, strap their feet, and buckle their hands behind their backs, making it difficult to breathe. Breaux admitted to restraining the children with the device on multiple occasions, but claimed it was a game that he played with the children.

[3] On June 28, 2018, the State charged Breaux with the following: Count I, criminal confinement where the victim is under fourteen years old, a Level 5 felony; Count II, neglect of a dependent, a Level 6 felony; Count III, criminal confinement, a Level 6 felony; and Count IV, neglect of a dependent, a Level 6 felony. *See id*. at 14-17. The State subsequently filed a motion to add Count V, battery resulting in bodily injury to a person less than fourteen years of age, a Level 5 felony. *Id*. at 69-70.

[4] The trial court held a guilty plea hearing on March 13, 2019, and granted the State's motion to add Count V. Breaux entered into a written plea agreement, pursuant to which he would plead guilty to Counts IV and V and receive concurrent sentences. In exchange, the State agreed to dismiss the remaining counts. Sentencing was otherwise left to the trial court's discretion. The trial court took Breaux's guilty plea under advisement until the sentencing hearing on May 9, 2019. Prior to the sentencing hearing, both parties filed sentencing memorandums and corresponding exhibits. Notably, the State submitted

redacted police reports detailing the incidents and a medical journal article discussing the nature of strangulation injuries. *See id.* at 128-153.

[5] At the sentencing hearing, the trial court accepted Breaux's guilty plea, entered judgment of conviction on Counts IV and V, and heard the parties' arguments as to sentencing. The State asked the trial court to sentence Breaux to five years executed on Count V and a consecutive term of one and one-half years on Count IV suspended to probation. In making this argument, the State summarized pertinent statements from the redacted police report:

> When the children were referencing [Breaux]'s game which is never the word that they used to describe it. [J.S.] reported that there were no red marks on him because they would wipe him down with soap and lotion to remove them. [J.S.] also stated that he got in trouble and as a result[, Breaux] placed a restraint around his neck, feet and hands, binding them together. That the restraint hurt his neck and he would have trouble breathing and every time he moved his arms or legs while tied up, it made his neck hurt worse and that [Breaux] put it so tight so that he couldn't breathe. Then he was put in the garage, tied up and left in the dark and that this happened to him not just once, but multiple times, and he's also seen it happen to [L.B.], [Breaux]'s daughter. [L.B.]'s statements were that when she would get in trouble her dad would occasionally tie her up by placing something around her neck and her hands and legs were tied behind her back, back simultaneously. The device around her neck would make her choke sometimes and it made her sick because it was so tight around her breathing pipe. She was placed in the garage in the dark and screamed until the door was opened[.] In the past her dad would also tie her to a chair and her hands and feet would be tied and something around her neck until she choked.

Transcript, Volume 1 at 26. The State then explained the dangers and concerns of strangulation as discussed in the article, such as the importance of prompt medical care for strangulation victims and that ten seconds of eleven pounds of pressure on a victim's carotid arteries will cause loss of consciousness and brain death occurs in four or five minutes. Based on the nature of the offense, the State argued the victims were lucky to be alive. *See id*. at 27-28. Breaux informed the trial court that he was on social security disability due to his back problems.

[6] The trial court found that L.B.'s age, Breaux's criminal history, and the fact that Breaux was in the care, custody, and control of J.S. were aggravating circumstances, and that Breaux's guilty plea, physical health issues, and family support were mitigating circumstances. The trial court sentenced Breaux to serve two years for his neglect conviction and five years for his battery conviction, to be served concurrently and executed in the DOC. The trial court subsequently entered a written sentencing order that reflected Breaux was to serve five years for each count to run concurrently in the DOC. Breaux now appeals.

# Discussion and Decision

## I.  Sentencing

### A.  Evidence at the Sentencing Hearing

Breaux argues that the trial court erred by allowing the State to reference numerous police reports and a medical journal article on strangulation injuries because the referenced statements were hearsay, not signed or verified under oath, and he was not offered the opportunity to face or cross-examine the declarants of the alleged inadmissible statements.  He therefore maintains that "[t]o the extent that the trial court relied on said statements, the trial court erred because said statements were inadmissible and lacked the minimal indicium of reliability."  Appellant's Brief at 14 (internal quotation omitted).  We find no error.

The strict rules of evidence do not apply to sentencing hearings.  Ind. Evidence Rule 101(d)(2).  The rationale for the relaxation of the evidentiary rules at sentencing is that unlike at trial, the evidence is not confined to the narrow issue of guilt.  *Kellett v. State*, 716 N.E.2d 975, 983 n.5 (Ind. Ct. App. 1999).  Instead, the task is to determine the type and extent of punishment.  *Id*.  "This individualized sentencing process requires possession of the fullest information possible concerning the defendant's life and characteristics."  *Thomas v. State*, 562 N.E.2d 43, 47 (Ind. Ct. App. 1990).  Even if the State's evidence was hearsay, as Breaux contends, hearsay evidence is admissible at a sentencing hearing.  *Dillon v. State*, 492 N.E.2d 661, 664 (Ind. 1986).  We are unpersuaded

that the trial court erred in allowing the State to reference the redacted police report and article.

[9] Furthermore, the terms of Breaux's plea agreement did not forbid the trial court from considering *any* evidence, let alone the evidence at issue. In fact, Breaux's agreement explicitly states that he "shall receive the sentence this Court deems appropriate *after hearing any evidence* or argument of counsel." Appellant's App., Vol. 2 at 72, ¶ 2 (emphasis added). Therefore, Breaux agreed to allow the trial court to hear any evidence pertinent to determining his sentence. As our supreme court has explained,

> [a] plea agreement is voluntarily entered into between the State and the Defendant. It is a contract and when accepted by the trial court is binding. The parties are free to negotiate the terms and conditions of the plea agreement, and can agree to limit or otherwise exclude what may be considered by the trial court judge. Unless the evidence is forbidden by terms of the plea agreement, the trial court judgment consider all evidence properly before him.

*Bethea v. State*, 983 N.E.2d 1134, 1146 (Ind. 2013). Here, Breaux voluntarily entered into a plea agreement, in which he agreed to plead guilty to two charges in exchange for the dismissal of the remaining three charges. Sentencing was left to the trial court's discretion. The plea agreement did not limit what the State could offer as aggravating circumstances or what Breaux could offer as mitigating circumstances and therefore, "did not limit the sentencing evidence[.]" *Id.* at 1144. The trial court was free to consider any relevant evidence in imposing a sentence, which Breaux agreed to. The trial court did

not err in allowing the State to reference certain evidence, which the trial court presumably considered in its decision, demonstrating the extent of the children's injuries.[1]

## B.   Abuse of Discretion

[10]   Breaux asserts that the trial court abused its discretion when it enhanced his sentences beyond the advisory sentence of each conviction "without 'balancing' the mitigators and aggravators."  Appellant's Br. at 7.  Breaux incorrectly relies on Indiana's previous "presumptive" sentencing standard of review, which has been outdated since 2005:

> On April 25, 2005, our legislature responded to *Blakely v. Washington*, 542 U.S. 296 (2004) . . ., by amending our sentencing statutes to replace "presumptive" sentences with "advisory" sentences.  Under the post-*Blakely* statutory scheme, a court may impose any sentence that is authorized by statute and permissible under the Indiana Constitution "regardless of the presence or absence of aggravating circumstances or mitigating circumstances."  Ind. Code § 35-38-1-7.1(d).

*Weaver v. State*, 845 N.E.2d 1066, 1070 (Ind. Ct. App. 2006), *trans. denied*.

---

[1] Although not raised by the State, a trial court may properly consider the nature and circumstances of the crime as a valid aggravating circumstance – the essence of the State's evidence at the sentencing hearing. *Anglemyer v. State*, 868 N.E.2d 482, 492 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 ("Concerning the seriousness of the offense, this aggravator, which implicitly includes the nature and circumstances of the crime as well as the manner in which the crime is committed, has long been held a valid aggravating factor.").  Given the relaxed rules of evidence and that the trial court may consider the seriousness of the crime, it logically follows that the trial court in this case would be able to consider any evidence pertaining to the nature and circumstances of Breaux's offenses, regardless of its admissibility under our traditional rules of evidence.

Prior to the 2005 amendments, a trial court was required to state its specific reasons for enhancing a sentence and therefore was required to issue a sentencing statement including (among other things) a showing that the trial court evaluated and balanced the mitigating and aggravating circumstances. *Jones v. State*, 705 N.E.2d 452, 454 (Ind. 1999). After the amendments, our supreme court's decision in *Anglemyer v. State* made it clear that "the trial court no longer has any obligation to 'weigh' aggravating and mitigating factors against each other when imposing a sentence, . . . [and] a trial court can[not] now be said to have abused its discretion in failing to 'properly weigh' such factors." 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. Breaux argues the trial court sentenced him with "without 'balancing' the mitigators and aggravators." Appellant's Br. at 7. In this context, balance and weigh are synonymous and invoke our previous sentencing scheme. Breaux's argument fails because he cannot challenge the weight the trial court assigned to the aggravating and mitigating circumstances under current law.

## II. Inappropriate Sentence

### A. Standard of Review

Breaux contends that his sentence is inappropriate in light of the nature of his offenses and his character and asks this court to revise his sentence. Article 7, sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B). *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). Rule 7(B) provides, "The Court may revise a sentence authorized by statute if, after due consideration of

the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Sentencing decisions rest within the discretion of the trial court and, as such, should receive considerable deference. *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[13] The defendant bears the burden of demonstrating his sentence is inappropriate under the standard, *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006), and we may look to any factors in the record for such a determination, *Reis v. State*, 88 N.E.3d 1099, 1102 (Ind. Ct. App. 2017). Ultimately, "whether we regard a sentence as [in]appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell*, 895 N.E.2d at 1224. In conducting our review, we focus on a defendant's aggregate sentence rather than the number of counts, the length of the sentence on any individual count, or whether the individual sentences are consecutive or concurrent. *Id*. at 1225.

[14] The trial court found the following aggravating circumstances: Breaux's criminal history, the fact that Breaux was in the care, custody and control of J.S., and that L.B. was five years old at the time of the incidents. The trial court

found Breaux's guilty plea, physical health issues, and that he had the support of his family as mitigating circumstances. The trial court sentenced Breaux to an aggregate sentence of five years to be executed in the DOC.[2]

## B. Nature of the Offense

[15] With respect to the nature of the offenses, Breaux argues that the offenses occurred for only a brief period of time, he did not intend to harm the children, and the children exaggerated the incident.

[16] The nature of the offense is found in the details and circumstances of the commission of the offense and the defendant's participation in it. *Washington v. State*, 940 N.E.2d 1220, 1222 (Ind. Ct. App. 2011), *trans. denied*. When evaluating a defendant's sentence that deviates from the advisory sentence, we consider whether there is anything more or less egregious about the offense as committed by the defendant that distinguishes it from the typical offense accounted for by our legislature when it set the advisory sentence. *Moyer v. State*, 83 N.E.3d 136, 142 (Ind. Ct. App. 2017), *trans. denied*.

[17] In this case, the details and circumstances surrounding Breaux's offenses are alarming and his acts could have seriously injured or killed the children. Breaux placed a rope around each child's neck, strapped their feet, and buckled

---

[2] Although we remand this matter to the trial court to correct its sentencing order due to a clerical error with respect to Count IV, Breaux's aggregate sentence remains unchanged even with the error. Therefore, we review whether Breaux's five year executed sentence is inappropriate under the standard.

their hands behind their backs. The rope around the neck was tight, making it difficult for the children to breathe. Breaux would then turn the lights off and leave the children restrained in the garage as punishment. Breaux did this on multiple occasions. We also note that both victims were young at the time of the incident – ages five and six. Breaux's aggregate five-year sentence is not inappropriate in light of the nature of the offenses.

## C. Character of the Offender

[18] The "character of the offender" portion of the Rule 7(B) standard permits a broader consideration of the defendant's character. *Anderson v. State*, 989 N.E.2d 823, 827 (Ind. Ct. App. 2013), *trans. denied*. A defendant's life and conduct are illustrative of his or her character. *Morris v. State*, 114 N.E.3d 531, 539 (Ind. Ct. App. 2018), *trans. denied*. And the trial court's recognition or non-recognition of aggravators and mitigators serves as an initial guide in determining whether the sentence imposed was inappropriate. *Stephenson v. State*, 53 N.E.3d 557, 561 (Ind. Ct. App. 2016).

[19] Breaux argues that the following factors reflect positively on his character, warranting a reduction of his sentence: (1) he took responsibility for his actions; (2) he has never been convicted of a felony; (3) he has family support as demonstrated through numerous letters submitted to the trial court; (4) he was employed from 2013 to 2016; (5) he has physical health issues and is on social security disability; and (6) he has his GED and has taken parenting classes.

However, we are unpersuaded that these factors render his sentence inappropriate.

[20] In examining a defendant's character, one relevant factor is his or her criminal history, the significance of which "varies based on the gravity, nature, and number of prior offenses in relation to the current offense." *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). As indicated in the presentence investigation report, Breaux's criminal history is comprised of two prior theft convictions, one in 2002 and one in 2008. Although Breaux does not have a single prior felony conviction, this court has held that "[e]ven a minor criminal record reflects poorly on a defendant's character[.]" *Reis*, 88 N.E.3d at 1105.

[21] In addition, the fact that Breaux restrained his own daughter – someone he should protect and care for – illustrates his poor judgment and character. *See Garner v. State*, 7 N.E.3d 1012, 1016 (Ind. Ct. App. 2014) (declining to revise a defendant's sentence because his "abuse of his position of trust was demonstrative of his lack of character."). Additionally, Breaux abused his position of trust with respect to J.S. who was in his care, custody, and control at the time of the incidents. Breaux has failed to persuade this court that his sentence is inappropriate in light of his character.

[22] In sum, we conclude that Breaux has failed to persuade this court that his sentence is inappropriate in light of the offenses and his character. Accordingly, we decline to revise his sentence pursuant to Indiana Appellate Rule 7(B).

# III. Sentencing Order

[23] Breaux argues, and the State agrees, that the trial court's sentencing order contains a clerical error. We agree and remand to the trial court.

[24] At the sentencing hearing, the trial court sentenced Breaux to serve two years for his neglect of a dependent conviction, a Level 6 felony, and five years for the battery conviction, a Level 5 felony, to be served concurrently in the DOC. *See* Tr., Vol. 1 at 37 ("I think I'll, the neglect, two years. Battery on a person under fourteen, five years. Concurrent per the plea agreement. That's a total of five years, all executed in the [DOC]."). However, the trial court's written sentencing order reflected Breaux was to serve five years for neglect of a dependent and five years for battery to be served concurrently for a total sentence of five years. *See* Appealed Order at 4. As noted by Breaux, the sentencing range for his neglect conviction, a Level 6 felony, is six months to two and one-half years. Ind. Code § 35-50-2-7(b). Therefore, the five-year sentence exceeds the statutory range for the crime committed. Given this evidence, it appears this was a clerical error or an inadvertent mistake with respect to the length of Breaux's sentence for his neglect conviction. Therefore, we remand to the trial court to revise its sentencing order to reflect a two-year sentence for Breaux's neglect of a dependent conviction.

# Conclusion

[25] We conclude that the trial court did not err in allowing the State to reference certain evidence during the sentencing hearing, the trial court did not abuse its

discretion in sentencing Breaux, and Breaux's sentence is not inappropriate. We further conclude the trial court's sentencing order contains a clerical error and therefore, we remand to the trial court to correct this error. Accordingly, we affirm and remand.

[26] Affirmed and remanded.

Mathias, J., and Pyle, J., concur.