William A. WALTER, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 92S00–9809–CR–502.

Supreme Court of Indiana.

April 18, 2000.

Anthony L. Kraus, Likes & Kraus, Auburn, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Sarah E. Scherrer, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

DICKSON, Justice.

The defendant-appellant, William A. Walter, pled guilty to two counts of murder [1] for the August 19, 1997, killings of his wife, Melissa Walter, and his former aunt, Tammy Walter. The trial court sentenced the defendant to consecutive sixty-year sentences on each count. In this direct appeal, the defendant contends that the trial court improperly considered aggravating and mitigating circumstances and that the sentence is manifestly unreasonable. We affirm the trial court.

### Aggravating and Mitigating Circumstances

The defendant contends that the trial court, in deciding to enhance his sentences and ordering them to run consecutively, considered invalid or unsupported aggravating circumstances and ignored mitigating circumstances supported by the record. The defendant alleges that, of the

---

1. IND.CODE § 35–42–1–1.

ten aggravating circumstances found by the trial court, six were improperly considered. He further argues that, in addition to the five mitigating circumstances listed in the sentencing statement, the trial court failed to properly consider several others supported by the evidence.

The trial court found the following ten aggravating circumstances: (1) the murder of the first victim, Tammy Walter, was "vicious and brutal," record at 372, and was caused by multiple stab wounds, including three significant wounds to the neck, five significant wounds to the back, and several superficial wounds to the arms and hands; (2) the murder of the second victim, Melissa Walter, "was ... vicious and brutal," record at 372, resulting from three significant stab wounds to the chest, two to the abdomen, one to the back, and multiple superficial wounds and abrasions; (3) each victim was defenseless; (4) three innocent children lost their mother, Tammy Walter; (5) the defendant violated a position of trust, killing his spouse and a former aunt with whom he had lived while in high school; (6) although occurring in close proximity both in time and place, the murders were separate and distinct acts of violence; (7) for seven to ten days prior to the murder, the defendant kept Melissa Walter under surveillance to the extent that she expressed fear for her life; (8) significant victim impact evidence was presented; (9) the defendant was in need of correctional or rehabilitative treatment that could best be provided by commitment to a penal facility; and (10) the imposition of concurrent sentences would depreciate the seriousness of the crimes. The trial court found the following mitigating circumstances: (1) the defendant had no prior criminal record and no juvenile adjudications; (2) he had a stable work history; (3) he admitted his guilt; (4) he suffered a turbulent childhood and result-

ing personality disorders; and (5) he expressed remorse for his crimes. The trial court found that the aggravating circumstances outweighed the mitigating circumstances, enhanced each of the presumptive fifty-five-year sentences for the two murder convictions by five years [2] for aggravating circumstances, and ordered the sentences to be served consecutively.

 Sentencing lies within the discretion of the trial court. *Battles v. State,* 688 N.E.2d 1230, 1235 (Ind.1997). We review sentencing decisions, including decisions to enhance the presumptive sentence or to run sentences consecutively due to aggravating circumstances, only for abuse of discretion. *Trowbridge v. State,* 717 N.E.2d 138, 149 (Ind.1999). When a trial court imposes a sentence other than the presumptive sentence or orders consecutive sentences, even though not required to do so by statute, we will examine the record to ensure that the trial court explained its reasons for selecting the sentence it imposed. *Archer v. State,* 689 N.E.2d 678, 683 (Ind.1997).

 The defendant challenges six of the ten aggravating circumstances found by the trial court. First, he claims that aggravating circumstances number 3 (each victim was defenseless) and number 7 (the defendant kept Melissa Walter under surveillance and she feared for her life) are unsupported by the evidence. The defendant bases his claim upon his own version of the events, submitted as part of the presentence investigation report, including his claim that each of the women had attacked him with a knife. Other evidence from the same pre-sentence report and from the post-mortem reports, however, indicates that the defendant brutally inflicted multiple severe knife wounds upon his female victims who were then unarmed and trying to escape.[3] Also, although the defendant

---

**2.** The trial court did not impose the maximum ten-year enhancement authorized by statute. Ind.Code § 35–50–2–3(a).

**3.** When the trial court addressed the presentence investigation report at the start of the sentencing hearing, the defendant accepted the report as filed. He made no objections

reported to one psychologist that Melissa initially had a knife and stabbed him, he told another that he cut himself with the knife when he was struck by a truck while fleeing police. This evidence supports the trial court's conclusion that the victims were defenseless, but we note that much of this supporting evidence also supports the aggravators found by the trial court relating to the viciousness and brutality of the murders.

■ The record also supports the trial court's finding that the defendant had kept Melissa under surveillance. One witness told police investigators that approximately one week before the murders the defendant followed Melissa, the witness, and other friends to Fort Wayne and watched them while they were there. The witness also reported that Melissa had told her at least three times: "I'll be dead in a month and [the defendant] will have killed me." Record at 180. The trial court's finding of this aggravator was supported by the record.

The defendant next claims that the victim impact evidence, considerations which constitute aggravating circumstances numbers 4 and 8, were not valid under *Bacher v. State*, 686 N.E.2d 791, 801 (Ind.1997). Because the State provides no contrary authority or argument and does not dispute this claim, we consider it conceded.

■ The defendant next claims that the trial court failed to make a statement explaining why the defendant needed correctional or rehabilitative treatment in a penal facility for longer than the presumptive term, as required for aggravating circumstance number 9. We agree that when a trial court uses such a finding, in part, to justify an enhanced sentence, it should provide a specific statement as to why the defendant needs treatment for a period of time longer than the presumptive sentence. *Berry v. State*, 703 N.E.2d 154, 158 (Ind.1998); *Mayberry v. State*, 670 N.E.2d 1262, 1271 (Ind.1996). The record contains no trial court explanation for using this aggravating circumstance.

■ The defendant also asserts that the trial court erred in ordering consecutive sentences based in part on an aggravating circumstance that "concurrent sentences would depreciate the seriousness of the two separate crimes of murder, which were committed." Record at 372–73. We have held that it is not error to enhance a sentence based upon an aggravating circumstance that a sentence less than the *enhanced* term would depreciate the seriousness of the crime committed. *Huffman v. State*, 717 N.E.2d 571, 577 (Ind. 1999); *Ector v. State*, 639 N.E.2d 1014, 1016 (Ind.1994); *Evans v. State*, 497 N.E.2d 919, 923–24 (Ind.1986). This principle is distinguishable from *Sherwood v. State*, 702 N.E.2d 694 (Ind.1998), cited by the defendant, in which the trial court both imposed enhanced sentences and ordered them served consecutively based in part upon its finding that the imposition of a *reduced* sentence would depreciate the seriousness of the crime. At the sentencing hearing in the present case, defense counsel argued that "it all comes down to ... whether ... the sentences imposed are concurrent or consecutive," record at 368, and urged that the mitigating circumstances supported imposition of concurrent sentences. The trial court considered the "depreciate the seriousness" factor in determining whether to impose concurrent or consecutive sentences, not to evaluate whether to impose a reduced sentence. We decline to find error in the application of this aggravator.

■ Excluding the challenged aggravating circumstances based on victim impact and the need for penal facility correctional treatment, multiple aggravating circumstances remain. Even when a trial court improperly applies an aggravator, a sentence enhancement may be upheld if other valid aggravators exist. *Garrett v. State*, 714 N.E.2d 618, 623 (Ind.1999). *See*

nor suggested any corrections or clarifications to the factual matters set forth.

*also Gibson v. State,* 702 N.E.2d 707, 710 (Ind.1998) (citing *Blanche v. State,* 690 N.E.2d 709, 715 (Ind.1998)). A single aggravating circumstance may be sufficient to support an enhanced sentence. *Garrett,* 714 N.E.2d at 623; *Barany v. State,* 658 N.E.2d 60, 67 (Ind.1995). The same factors may be used to enhance a presumptive sentence and to justify consecutive sentences. *Miller v. State,* 716 N.E.2d 367, 371 (Ind.1999). *See also Taylor v. State,* 710 N.E.2d 921, 925 (Ind.1999); *Reaves v. State,* 586 N.E.2d 847, 852 (Ind. 1992). We reject the defendant's contention that his enhanced and consecutive sentences are not supported by aggravating circumstances shown by the evidence.

 The defendant also seeks relief from the enhanced and consecutive sentences on grounds that the trial court failed to provide specific facts and reasons for its findings of aggravating circumstances. We do not agree.

 The trial court found the vicious and brutal nature of each of the two murders to be aggravating circumstances. The manner in which a crime is committed may serve as an aggravating circumstance. *Taylor v. State,* 695 N.E.2d 117, 120 (Ind. 1998); *Concepcion v. State,* 567 N.E.2d 784, 791 (Ind.1991). *See also* IND.CODE § 35–38–1–7.1(a)(2) ("the [sentencing] court shall consider ... the nature and circumstances of the crime committed."). Here, the trial court noted the vicious and brutal murder of the victims, chronicling the number and locations of significant stab wounds inflicted upon each victim. Likewise, the trial court adequately explained its finding that the defendant violated positions of trust. The court noted that one victim was the defendant's spouse and the other was a former aunt who had permitted him to live in her home while he was in high school. This may be considered as a valid aggravating circumstance. *See, e.g., Franklin v. State,* 715 N.E.2d

1237, 1242 (Ind.1999) (the defendant was the victim's father); *Wesby v. State,* 535 N.E.2d 133, 137–38 (Ind.1989) (the victim was the former girlfriend of the defendant's father and had known the defendant since early childhood); *Martin v. State,* 535 N.E.2d 493, 498 (Ind.1989) (the defendant, who lived with the victim's family, was babysitting for the child victim at the time of the murder). *Cf. Edgecomb v. State,* 673 N.E.2d 1185,1198–99 (Ind.1996) (the defendant's relationship as victim's neighbor was not a position of trust for purposes of finding an aggravating circumstance). The trial court also explained its consideration of the defendant's surveillance of Melissa, noting the nature and duration of this activity. We conclude that the trial court sufficiently identified specific facts to support the aggravating circumstances found.

 The defendant further contends that the trial court did not identify all the significant mitigating circumstances proven by the evidence. Determining mitigating circumstances is within the discretion of the trial court. *Legue v. State,* 688 N.E.2d 408, 411 (Ind.1997). When a defendant alleges that the trial court failed to identify or find a mitigating circumstance, the defendant must establish that the mitigating evidence is both significant and clearly supported by the record. *Carter v. State,* 711 N.E.2d 835, 838 (Ind.1999). The trial court is not required to accept the defendant's contentions as to what constitutes a mitigating circumstance. *Legue,* 688 N.E.2d at 411.

The defendant contends that the trial court failed to specifically address other psychological evidence, the defendant's learning disabilities, the defendant's claims that he had read over sixty books while incarcerated and helped other inmates work toward their GEDs, the defendant's record of good behavior while incarcerated, the defendant's military experience,[4] or

---

4. Although the defendant was discharged "under honorable conditions" from the military, the record indicates that the discharge may have resulted from charges of wrongful

his call to 911 after the murders,[5] and that this failure implies that they were overlooked. In support of his argument, the defendant points to *Sherwood v. State*, 702 N.E.2d 694 (Ind.1998), and *Scheckel v. State*, 620 N.E.2d 681 (Ind.1993). However, in each of those cases, despite mitigating evidence in the record, the respective trial courts found no mitigating factors and addressed none of the evidence presented. In contrast, here the trial court identified and considered five mitigating factors: (1) the absence of prior criminal record; (2) a stable work history; (3) his admission of guilt; (4) his turbulent childhood and resulting personality disorders; and (5) his expressed remorse. A substantial portion of the evidence the defendant identifies was implicitly acknowledged in the mitigators enumerated by the trial court.

▇▇▇ Our understanding of the trial court's reasons for its sentencing decision in this case is informed by the court's remarks during the sentencing hearing. In reviewing a sentencing decision in a non-capital case, we are not limited to the written sentencing statement but may consider the trial court's comments in the transcript of the sentencing proceedings. *See Hill v. State*, 499 N.E.2d 1103, 1110–11 (Ind.1986). At the sentencing hearing, the trial judge explained:

> Mr. Walter, I probably heard several hundred cases of abuse of children, and it sounds like, if what I've heard from you and your brother [is] true, and I have no reason to believe it's not true, that you suffered as abusive a childhood in your formative years as any young person that I've had to deal with in the Whitley Circuit Court. I feel sorry for you for that, I do. I genuinely do. I, however, cannot ignore what you have done here, nor will I ignore it or make,

in any way make it less, diminish what you've done based on your childhood. I can't do that.

Record at 371. We are satisfied that the trial court considered the mitigating evidence presented. These remarks also demonstrate that the trial court evaluated and balanced the aggravating and mitigating circumstances in determining the sentence. We conclude that the trial court thoughtfully exercised its discretion in ordering that each presumptive sentence be enhanced by five years and that the sentences be served consecutively.

### Manifest Unreasonableness

▇▇▇ The defendant next claims that the sentence was manifestly unreasonable in light of the aggravating and mitigating evidence. This Court has the constitutional authority to review and revise sentences, *see* IND. CONST. Art. VII, § 4, and may do so when the sentence is "manifestly unreasonable in light of the nature of the offense and the character of the offender," Ind. Appellate Rule 17(B). "This Court's review under Rule 17(B) is highly deferential to the trial court: '[T]he issue is not whether in our judgment the sentence is unreasonable, but whether it is clearly, plainly, and obviously so.'" *Echols v. State*, 722 N.E.2d 805, 809 (Ind. 2000) (quoting *Bunch v. State*, 697 N.E.2d 1255, 1258 (Ind.1998) (quoting *Prowell v. State*, 687 N.E.2d 563, 568 (Ind.1997))).

We decline to find the sentence manifestly unreasonable in light of this offender and these offenses.

### Conclusion

The judgment of the trial court is affirmed.

---

possession and use of a controlled substance. Record at 151, 156.

**5.** Although the defendant did place a call to 911 to report his crime and eventually identified himself to the operator, he placed the call

from a pay phone after he had fled the scene of the crimes and shortly before he pushed his car into a lake to hide it and ran in front of a truck. The defendant denied that he was trying to kill himself.

SHEPARD, C.J., and BOEHM and RUCKER, JJ., concur. SULLIVAN, J., concurs in result.