Angelic DAVIS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–0601–CR–18.

Court of Appeals of Indiana.

Aug. 11, 2006.

Marshelle Dawkins Broadwell, Marion County Public Defender, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Angelic Davis appeals from the sentence imposed on her convictions for Operating a Vehicle While Intoxicated (OVWI),[1] a class C felony and Criminal Recklessness,[2] a class A misdemeanor. We find that the trial court improperly used an element of the OVWI offense as an aggravating circumstance and that her sentence of eight years with two years suspended is inappropriate in light of her character. Thus, we reverse the judgment of the trial court and remand with instructions to revise Davis's sentence to four years with whatever time remains on her sentence to be served through the Community Corrections program.

### FACTS

On November 13, 2004, Davis, a twenty-eight-year-old single mother of two, drove her vehicle while she had a blood alcohol content (BAC) of between .15 and .17 grams of alcohol per 100 milliliters of blood. While driving between sixty and sixty-five miles per hour, Davis rear-ended the vehicle of Kevin and Tammy Mullis, then crossed the center line and crashed head-on into a vehicle driven by William Julian. The Mullises suffered serious injuries, including broken bones and a collapsed lung, and Julian suffered facial lacerations and bruising as well as knee, hip, and wrist problems.

On March 24, 2005, the State charged Davis with two counts of OVWI, two counts of operating a motor vehicle with a BAC greater than .08, and three counts of criminal recklessness. On October 31, 2005, the State entered into a plea agreement with Davis in which she agreed to plead guilty to the two OVWI charges and the criminal recklessness charge, in exchange for the dismissal of all remaining charges. The OVWI charges were elevated from class D felonies to class C felonies because Davis had a prior conviction for OVWI. Davis's possible sentence was capped at six years executed by the plea agreement. The plea agreement also called for two years of probation and over $41,000 in restitution to the Mullises.

At a November 4, 2005, hearing, the trial court accepted Davis's guilty plea. And on December 16, 2005, the trial court held a sentencing hearing in which it imposed concurrent eight-year sentences on the OVWI convictions with two years suspended and a concurrent one-year sentence on the criminal recklessness conviction. In imposing this sentence, the trial court found as aggravating factors the fact that "this is something that could occur again, because of her past history of having an operating conviction, and then having this terrible accident," and "the damage to the individuals as a result of the crime that was committed." Tr. p. 59. The trial court ordered the first four years of Davis's executed sentence to be served at the Department of Correction and the

---

1. Ind.Code § 9–30–5–4.

2. Ind.Code § 35–42–2–2.

last two years to be served in Community Corrections. Davis now appeals.

## DISCUSSION AND DECISION

Davis argues that the trial court erred in imposing her sentence. Specifically, she argues that the trial court improperly relied on her prior conviction for OVWI because it was a material element of the present offense and that the sentence is inappropriate in light of her character.

■ Initially, we note that sentencing decisions lie within the sound discretion of the trial court. *Walter v. State*, 727 N.E.2d 443, 446 (Ind.2000). We review sentencing decisions for an abuse of discretion. *Id.* An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Krumm v. State*, 793 N.E.2d 1170, 1186 (Ind.Ct. App.2003). We will examine both the written sentencing order and the trial court's comments at the sentencing hearing to determine whether the trial court adequately explained the reasons for the sentence. *Powell v. State*, 751 N.E.2d 311, 315 (Ind.Ct.App.2001). However, a fact that comprises a material element of the offense may not also constitute an aggravating circumstance to support an enhanced sentence. *Stone v. State*, 727 N.E.2d 33, 37 (Ind.Ct.App.2000).

■ Davis's convictions for OVWI were elevated from class D felonies to class C felonies because she has a 2003 conviction for OVWI.[3] In the sentencing pronouncement, the trial court noted that it found as an aggravator the fact that there was a risk that Davis would offend again. While the State argues that this is not invalid because it is separate from the fact of Davis's prior conviction, we cannot agree with this assertion. The trial court explicitly stated that it found this to be aggravating solely "because of her past history of having an operating conviction...." Tr. p. 59. This was an improper double enhancement based on Davis's prior conviction, and it cannot be considered a valid aggravator.

■ Turning to Davis's contention that the sentence is inappropriate, we note that we will revise a defendant's sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). We recognize the special expertise of the trial court in making sentencing decisions, and we will refrain from merely substituting our opinion for that of the trial court. *Bennett v. State*, 787 N.E.2d 938, 949 (Ind. Ct.App.2003).

Davis acknowledges that the nature and consequences of her offense were very serious, but she contends that she should have received a lesser sentence based on

---

3. Indiana Code section 9–30–5–4 provides:
    (a) A person who causes serious bodily injury to another person when operating a motor vehicle:
        (1) with an alcohol concentration equivalent to at least eight-hundredths (0.08) gram of alcohol per:
        (A) one hundred (100) milliliters of the person's blood; or
        (B) two hundred ten (210) liters of the person's breath;
        (2) with a controlled substance listed in schedule I or II of IC 35–48–2 or its metabolite in the person's body; or
    (3) while intoxicated;
    commits a Class D felony. However, the offense is a Class C felony if the person has a previous conviction of operating while intoxicated within the five (5) years preceding the commission of the offense.
    (b) A person who violates subsection (a) commits a separate offense for each person whose serious bodily injury is caused by the violation of subsection (a).
    Thus, the double convictions for OVWI were permissible.

her character. While her case was pending, Davis consistently attended Alcoholics Anonymous meetings, maintained employment as a server in a restaurant, and attended job training at Training, Inc. to improve her career outlook. Tr. p. 35–37, 55–56. Davis also demonstrated remorse for her actions, pleaded guilty, and offered to pay restitution to the victims. *Id.* at 34, 38, 34, 40–41, 55–56. Davis only has one prior conviction in her criminal history. *Id.* at 58. And the Marion County Community Corrections program found Davis to be an appropriate candidate for Community Corrections. Appellant's App. p. 110.

■ Our Supreme Court recently addressed the issue of the revision of sentences by appellate courts in *Neff v. State,* 849 N.E.2d 556 (Ind.2006). The *Neff* court affirmed the authority of appellate courts to revise sentences rather than being required to remand to the trial court for resentencing in every case. Our Supreme Court noted that "where the invalidated aggravators could not be supported by any fact, revision of the sentence by the appellate court is the most obvious and efficient solution." 849 N.E.2d at 563. Here, when we consider the sentence imposed by the trial court in light of the fact that it considered an invalid aggravator that cannot be supported by any facts because it is contrary to law and in light of Davis's character, we find this case to be an appropriate one for exercising our discretion to revise a defendant's sentence.[4]

During the pendency of this case, Davis has made significant efforts to improve herself. As noted above, she has consistently attended Alcoholics Anonymous meetings and a job-skills training program. She has worked to provide for her children and would like to continue to be able to work so that she may also pay restitution to the victims. She accepted responsibility for her actions and apologized to the victims. Given Davis's lack of criminal history and her efforts to improve herself, provide for her children, and pay restitution to the victims, we find the sentence imposed to be inappropriate.

■ Davis's character strongly recommends mitigating weight[5] in her sentence,

---

4. We held in *Rodriguez v. State* that when considering the appropriateness of the sentence for the crime committed, courts should initially focus upon the presumptive sentence. 785 N.E.2d 1169, 1179 (Ind.Ct.App.2003). Trial courts may then consider deviation from the presumptive sentence based upon a balancing of the factors that must be considered pursuant to Indiana Code section 35–38–1–7.1(a) together with any discretionary aggravating and mitigating factors found to exist. *Id.* Since *Rodriguez* was decided, Indiana's sentencing statutes were amended by P.L. 71–2005, sec. 7, with an emergency effective date of April 25, 2005, to alter "presumptive" sentences to "advisory" sentences. In accordance with Indiana Code section 35–50–2–6(a), "A person who commits a Class C felony shall be imprisoned for a fixed term of between two (2) and eight (8) years, with the advisory sentence being four (4) years." The only purpose of the amendment was to avoid problems with *Blakely v. Washington,* 542

U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), which held that aggravating factors other than criminal history that are not admitted by the defendant must be proven to a jury beyond a reasonable doubt, and *Smylie v. State,* 823 N.E.2d 679 (Ind.2005), which held that Indiana's sentencing scheme violated the rule announced in *Blakely.* In our view, this amendment does not alter the fact that one sentence is advised by the General Assembly, and that advisory sentence should therefore be the starting point for a court's consideration of the sentence that is appropriate for the crime committed. *Accord Hayden v. State,* 830 N.E.2d 923, 928 (Ind.Ct.App.2005). *But see Anglemyer v. State,* 845 N.E.2d 1087 (Ind.Ct.App.2006) (finding that a defendant cannot successfully challenge as an abuse of discretion a sentence that is within the proper statutory range), *trans. granted.*

5. Although Davis's counsel proffered multiple mitigating factors, including Davis's accep-

and the trial court only identified one valid aggravator. That being the case, we cannot see how a sentence of more than the presumptive is justified. We therefore revise Davis's sentence to four years with the time remaining on her sentence to be served through Community Corrections so that she may continue to work to provide for her children and to pay restitution to the victims.

The judgment of the trial court is reversed and remanded with instructions to revise Davis's sentence to four years with the time remaining on her sentence to be served through Community Corrections.

SULLIVAN, J., and MAY, J., concur.

tance of responsibility and remorse, the undue hardship on her children, her attendance at Alcoholics Anonymous and Training, Inc., her lack of criminal history, the fact that she would respond affirmatively to probation or short-term imprisonment, and her willingness to make restitution, tr. p. 54–56, the trial court found no mitigating factors. Nevertheless, a defendant who pleads guilty deserves to have mitigating weight extended to the guilty plea in return, but it is not automatically a significant mitigating factor. *Francis v. State*, 817 N.E.2d 235, 238 (Ind.2004); *Mull v. State*, 770 N.E.2d 308, 314 (Ind.2002). Davis does not appeal the trial court's refusal to find any mitigating factors, but at a minimum, her guilty plea is entitled to some mitigating weight.