**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Dec 17 2013, 9:38 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CARL E. ASCHERMAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 15A01-1305-CR-237 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable Sally A. Blankenship, Judge
Cause No. 15D02-1208-FA-16

**December 17, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

Appellant-Defendant, Carl Ascherman (Ascherman), appeals his sentence following a conviction for one Count of attempted child molesting, a Class B felony, Ind. Code §§ 35-42-4-3(a), -41-5-1; and two Counts of contributing to the delinquency of a minor, Class A misdemeanors, I.C. § 35-46-1-8.

We affirm.

## ISSUES

Ascherman raises two issues on appeal, which we restate as:

(1) Whether the trial court abused its discretion when sentencing him; and

(2) Whether his sentence is inappropriate in light of the nature of his offenses and his character.

## FACTS AND PROCEDURAL HISTORY

On July 13, 2012, thirteen-year-old B.L. spent the night at Ascherman's apartment in Dearborn County, Indiana, with Ascherman and her best friend L.S., Ascherman's thirteen-year-old daughter. According to the probable cause affidavit, L.S. was staying with Ascherman as part of parental visitation. Ascherman smoked marijuana throughout the evening and encouraged both girls to do so too. The girls watched television until approximately 1:00 a.m., when L.S. went to bed, followed by B.L. During the night, Ascherman removed B.L.'s underwear and placed his penis on or around her vagina. Ascherman stopped when B.L. said that she had to use the bathroom. Ascherman fell

asleep after B.L. declined his invitation to come back to bed. B.L. later called her sister to pick her up and told her what had occurred. B.L. was taken to the police station.

On July 17, 2012, the State filed an Information charging Ascherman with Counts I-II, attempted child molesting, Class B felonies, I.C. §§ 35-42-4-3(a), -41-5-1; Count III, child molesting, a Class C felony, I.C. § 35-42-4-3(b); Counts IV-V, contributing to the delinquency of a minor, Class A misdemeanors, I.C. § 35-46-1-8; Count VI, possession of marijuana, a Class A misdemeanor, I.C. § 35-48-4-11; and Count VII, possession of paraphernalia, a Class A misdemeanor, I.C. § 35-48-4-8.3. On July 24, 2012, the State moved to amend Counts I and II to attempted child molesting as Class A felonies, I.C. § 35-42-4-3(a)(1), which the trial court granted. On March 26, 2013, the State moved to amend Count I, categorizing the charge back to attempted child molesting, a Class B felony, I.C. § 35-42-4-3(a), which the trial court granted.

That same day, the trial court conducted a guilty plea hearing, at which Ascherman pled guilty to Count I, as amended, and Counts IV-V and admitted the factual basis for his plea. The trial court accepted Ascherman's guilty plea, scheduled a sentencing hearing, and ordered a pre-sentence investigation report (PSI).[1]

On April 25, 2013, the trial court held the first of two sentencing hearings. Ascherman explained his problems with substance abuse, the work-related injury that put

---

[1] Subsequently, on May 1, 2013, the parties filed a written plea agreement in which Ascherman agreed to plead guilty to one Count of Class B felony attempted child molesting and two Counts of Class A misdemeanor contributing to the delinquency of a minor in exchange for the State's dismissal of all other Counts.

him on disability, and expressed remorse for his crimes. When asked what he would think if someone did the same thing to his daughter, Ascherman first replied that each case is "totally different" but later admitted that he would not want it to occur. (Transcript p. 38). The State called Ascherman's ex-wife, and L.S.'s mother, who explained the "irrevocable harm" Ascherman had done not only to the victim, but to L.S., his own child. (Tr. p. 41). She, along with the parents of other children who stayed the night at Ascherman's, had trusted him to take care of them. B.L.'s mother attended the hearing but did not testify. The State also read a letter written by B.L., in which she graphically described Ascherman's molestation. In particular, B.L. alleged that she was "shaking and scared" and that Ascherman made her disrobe, fondled her breasts, performed oral sex on her, and "made [her] suck his thing." (Tr. pp. 44-45).

On May 1, 2013, the trial court held a sentencing hearing. Reviewing Ascherman's criminal history, the trial court noted his three prior convictions for battery, operating a vehicle while intoxicated and endangering others (OWI), and operating a vehicle with a suspended license. It found that Ascherman had "a long history of substance abuse," yet disputed his claim that he never sought treatment, citing a document attesting to Ascherman's month-long participation in after-care following his OWI conviction and the PSI which described him as reluctant to seek counseling. (Tr. p. 51). Because Ascherman admitted to daily marijuana use and to providing the drug to L.S. and B.L., the trial court declined to find his substance abuse as a mitigating factor. Although Ascherman had advanced his voluntary guilty plea and remorse as mitigating factors, the trial court noted

4

that Class A felony attempted child molesting and other charges were dismissed in exchange for his plea. Expressly identifying "the impact on both victims," the "totality of circumstances," and the "violation of both victim's trusts" as aggravating circumstances, the trial court concluded that the impact from Ascherman's crimes went "beyond what would normally be expected in this type of crime." (Tr. pp. 52-53). Further, the trial court citied B.L.'s letter and described that B.L. was "shaking, scared and crying" and that Ascherman had "threatened her to be quiet" while he attempted to commit child molesting. (Tr. p. 53). Despite the absence of testimony from B.L.'s mother, the trial court stated, "The victim's mother testified to the continuing emotional impact on the victim." (Tr. p. 53). Finding that the aggravators outweighed the mitigators, the trial court sentenced Ascherman to an executed sentence of twenty years on Count I and to one-year sentences each on Counts IV-V, with the sentences to run concurrently. That same day, the trial court issued its judgment of conviction and written sentencing order, reiterating most of the trial court's oral sentencing statement. While deleting any reference to B.L.'s mother's testimony, the Order cited to that portion of B.L.'s letter which alleged that Ascherman made her perform oral sex on him and Ascherman's "prior failure to comply with [c]ourt ordered treatment." (Appellant's App. p. 72).

Ascherman now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

I. *Abuse of Discretion*

5

Ascherman first argues that the trial court abused its discretion by aggravating his sentence for Class B felony attempted child molesting based on factors unsupported by the record. As long as a sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Anglemeyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* One way in which a trial court may abuse its discretion is by entering a sentencing statement that explains the reasons for imposing a sentence, including aggravating and mitigating factors, which are not supported by the record. *Id.* at 490-91.

Ascherman challenges the validity of three reasons provided by the trial court, in either its oral sentencing statement or its written sentencing order, to enhance his sentence: (1) B.L.'s letter where she alleged that Ascherman had made her perform oral sex; (2) the testimony of B.L.'s mother; and (3) his "failure to comply with [c]ourt ordered treatment." (Appellant's App. p. 72). Regarding B.L.'s letter, we note that victim impact statements which delve "into substantive, unsworn, and otherwise unsupported allegations of other misconduct" require caution when assessing their weight and the defendant is without an opportunity to respond. *Cloum v. State*, 779 N.E.2d 84, 93 (Ind. Ct. App. 2002). Although containing a narrative on the impact of the crime, B.L.'s letter also contained unsupported allegations of additional criminal conduct which the trial court cited in its written sentencing order. Similarly, the trial court cited the testimony of B.L.'s mother in its oral

6

sentencing statement, despite the fact that she did not testify. Finally, the record does not support the trial court's written sentencing statement that Ascherman failed to comply with court-ordered treatment. By considering the foregoing as aggravators, the trial court abused its discretion.

When a trial court abuses its discretion in finding an aggravating circumstance, we will nonetheless affirm the sentence if we can say with confidence that the trial court would have imposed the same sentence even if it had not considered the improper aggravator. *Alves v. State*, 905 N.E.2d 57, 64 (Ind. Ct. App. 2009). Even when a trial court improperly applies an aggravator, a sentence enhancement may be upheld if other valid aggravators exist. *Walter v. State*, 727 N.E.2d 443, 447 (Ind. 1999). Further, a single aggravating circumstance may be sufficient to support an enhanced sentence. *Id*. at 448. Here, the trial court stressed the position of trust in which Ascherman had been placed and that "marijuana was given to both girls prior to the attempted molestation" as aggravating factors. (Appellant's App. p. 72). Therefore, we can say with confidence that the trial court would have imposed the same sentence even if it had not considered the additional aggravators cited in its oral and written sentencing order.

## II. *Nature of Offense and Character of Offender*

Ascherman next argues that his sentence was inappropriate in light of the nature of the offense and his character. Admitting the gravity of his crimes, he requests us to reduce his maximum Class B felony sentence to the advisory sentence of ten years. Under Indiana Appellate Rule 7(B), this court may revise a sentence authorized by statute if, after due

consideration of the trial court's decision, the court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Childress v. State*, 848 N.E.2d 1073, 1079-80 (Ind. 2006). Although this court is not required to use "great restraint," we nevertheless exercise deference to a trial court's sentencing decision, both because Appellate Rule 7(B) requires that we give "due consideration" to that decision and because we recognize the unique perspective a trial court has when making decisions. *Stewart v. State*, 866 N.E.2d 858, 865-66 (Ind. Ct. App. 2007). The "principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). The burden is on the defendant to persuade us that his sentence is inappropriate. *Childress*, 848 N.E.2d at 1073.

A Class B felony carries a sentence ranging from six to twenty years, with an advisory sentence of ten years. *See* I.C. § 35-50-2-5. Because the trial court sentenced Ascherman to twenty years on the Class B felony attempted child molesting, he received the maximum sentence possible.

In regards to the nature of his offense, Ascherman argues that his crime is no more egregious than the typical offense already accounted for by the legislature when establishing the advisory sentence for child molesting. We disagree. Ascherman offered marijuana to both L.S. and B.L., both of whom were thirteen-years old. Ascherman took advantage of the girls' trust by sleeping with the girls in the same bed then attempted to

8

molest B.L. after L.S. fell asleep. Further, we cannot ignore the impact Ascherman's crimes had on B.L., her family, as well as his own daughter, his ex-wife, and the parents of the other girls who had spent the night there. The nature of the offense thus demonstrates that Ascherman's crime well exceeded the typical offense.

Turning to his character, Ascherman argues that his sentence is inappropriate because of his minimal criminal history and his need for rehabilitation. In particular, Ascherman asserts that he is not a "career criminal." (Appellant's Br. p. 13). The PSI showed that Ascherman had three prior misdemeanor convictions, including battery and operating a vehicle while intoxicated and endangering a person. Although not felonies, these crimes illustrate an escalated disregard for others. Further, Ascherman asserts that he "never had the opportunity to try to correct his aberrant behavior before being sent to prison." (Appellant's Br. p. 13). However, the PSI records that Ascherman was sent to "aftercare" following his OWI conviction and was "hostile" and "resistant" to treatment. (Appellant's App. p. 94). The PSI also states that Ascherman "does not believe he needs AA or substance abuse counseling," despite his admitted daily use of marijuana and his proffered excuse that he was unconscious when he attempted to molest B.L. (Appellant's App. p. 94). In sum, Ascherman has not met his burden to show that the nature of his offense or Ascherman's character render his sentence inappropriate.

CONCLUSION

Based on the foregoing, while the trial court abused its discretion by considering improper aggravators, because we can say with confidence that the trial court would have

imposed the same sentence even if it had not considered three improper aggravators, we need not remand for re-sentencing. Further, Ascherman's sentence is not inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

ROBB, C. J. and KIRSCH, J. concur