## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
May 26 2015, 8:26 am
_Kevin S. Smith_
**CLERK**
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Emmanuel Joseph Cain,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 26, 2015

Court of Appeals Case No. 53A01-1406-CR-242

Appeal from the Monroe Circuit Court

The Honorable Marc R. Kellams, Judge

Cause No. 53C02-1308-FB-797

**Bailey, Judge.**

# Statement of the Case

Emmanuel Joseph Cain appeals his convictions for two counts of Dealing in Cocaine, each as a Class B felony,[1] following a jury trial. Cain presents three issues for our review:

> 1. Whether the trial court committed fundamental error when it admitted recordings of Cain's drug transactions and testimony regarding those recordings;
>
> 2. Whether the State presented sufficient evidence to support Cain's convictions; and
>
> 3. Whether Cain's twenty-year sentence is inappropriate under Indiana Appellate Rule 7(B).

We affirm.

# Facts and Procedural History

On July 18, 2013, confidential informant C.H. contacted Bloomington Police Department Detective Erich Teuton. Detective Teuton arranged to have C.H. buy drugs from Cain at a hotel in Bloomington and met her there at 8:30 p.m. Detective Teuton searched C.H. for drugs and money, and he provided her with a video recording device and money to buy drugs. C.H. then bought two

---

[1] Ind. Code § 35-48-4-1.

half-gram bags of crack cocaine from Cain. The resulting buy video was of poor quality, and C.H. had entered another room before locating Cain.

[4] In order to obtain better quality, recorded evidence, C.H. and Detective Teuton conducted two similar controlled buys from Cain the following day, this time using a different recording device. The first buy on July 19 yielded two bags containing .27 grams and .19 grams of crack cocaine, and the second buy yielded two more bags containing .27 and .23 grams of crack cocaine. The Indiana State Crime Lab tested the larger bags from each buy and confirmed that both contained a cocaine base.

[5] On August 15, 2013, the State charged Cain with three counts of dealing in cocaine, all as Class B felonies, each of which related to one of the three sales of crack cocaine that transpired on July 18 and 19. At his ensuing jury trial on April 14, 2014, the trial court admitted into evidence the video recordings of Cain's sales to C.H. and Detective Teuton's related testimony. Cain did not object to the admission of this evidence. However, after the jury had returned its verdicts, Cain for the first time complained that the State's video evidence violated his Sixth Amendment rights.

[6] The jury found Cain not guilty as to Count I, the alleged July 18 sale of crack cocaine to C.H., but found him guilty as to Counts II and III, which related to the two sales that took place on July 19. The court sentenced Cain to twenty years executed for each of his two convictions, which the court ordered to run concurrently. The court ordered Cain's twenty-year sentence to be served

consecutively to a prior ten-year sentence on another offense. This appeal ensued.

# Discussion and Decision

## *Issue One: Admission of the Recordings and Testimony*

Cain first contends that the trial court violated his Sixth Amendment right to confront the witnesses against him by allowing the State to submit the buy videos into evidence without presenting C.H. for cross-examination. He also argues that the court admitted testimony by Detective Teuton in violation of Indiana Evidence Rule 701.

We generally review a trial court's decision to admit evidence for an abuse of discretion, and we will not disturb that decision unless it is "clearly against the logic and effect of the facts and circumstances before it." *Hoglund v. State*, 962 N.E.2d 1230, 1237 (Ind. 2012). However, where, as here, no contemporaneous objection is made to the admission of evidence, any error in that admission is waived unless the error constitutes fundamental error. Fundamental error requires "a substantial, blatant violation of due process that must be so prejudicial to the rights of a defendant as to make a fair trial impossible." *Rosales v. State*, 23 N.E.3d 8, 11 (Ind. 2015) (quotations omitted).

## A. Admission of the Buy Videos

Cain first asserts that the admission of the buy videos violated his Sixth Amendment right to confront C.H.. In *Crawford v. Washington*, 541 U.S. 36, 59

(2004), the Supreme Court of the United States held that out-of-court, testimonial statements are admissible at trial only if the declarant is unavailable to testify and the defendant has had a prior opportunity to cross examine the declarant. "However, the Confrontation Clause 'does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.' Thus, if a statement is either nontestimonial or nonhearsay, the federal Confrontation Clause will not bar its admissibility at trial." *Williams v. State*, 930 N.E.2d 602, 607-08 (Ind. Ct. App. 2010) (quoting *Crawford*, 541 U.S. at 59 n.9), *trans. denied*.

[10] Statements are hearsay under Indiana Evidence Rule 801 if they were made out of court and are offered to prove the truth of the matter asserted. But this Court has held that a confidential informant's statements recorded in the course of a controlled drug buy are not offered by the State for the truth of those statements, but merely to prompt responses from the defendant being recorded, and, therefore, those statements are not hearsay. *Lehman v. State*, 926 N.E.2d 35, 38 (Ind. Ct. App. 2010), *trans. denied. See also Vaughn v. State*, 13 N.E.3d 873, 880 (Ind. Ct. App. 2014) (concluding that videos of drug transactions merely showed the conduct of the CI and defendant and that a detective's testimony regarding the videos was not hearsay because it was based on the detective's personal observation and did not relay an out-of-court statement), *trans. denied*. Therefore, despite Cain's assertions to the contrary, C.H.'s statements were not inadmissible hearsay and were not subject to the

Confrontation clause. Thus, the trial court did not commit fundamental error when it admitted C.H.'s statements at Cain's trial.

### B. Admission of Detective Teuton's Testimony

[11] Cain next asserts that Detective Teuton gave a lay opinion as to what the video recordings demonstrated in violation of Indiana Evidence Rule 701. In *Groves v. State*, 456 N.E.2d 720, 723 (Ind. 1983), our supreme court held that, because photographs and videos admitted as substantive evidence speak for themselves, lay witnesses' opinions of that evidence invade the province of the jury. However, *Groves* predated the adoption of Evidence Rule 701. As we have explained:

> More recently, however, this court has held that the lay opinion of a police officer familiar with the defendant was admissible under Indiana Evidence Rule 701 as being helpful to the jury in reaching a decision about the identification of the person depicted in a videotape admitted as a silent witness. *See Gibson v. State*, 709 N.E.2d 11, 15 (Ind. Ct. App. 1999) (citing *United States v. Stormer*, 938 F.2d 759, 762 (7th Cir. 1991)), *trans. denied*. At first blush, the holding in *Gibson* seems inconsistent with the above-quoted portion of *Groves*. However, *Groves* was decided before the adoption of Evidence Rule 701, upon which *Gibson* relied. Furthermore, the holding of *Groves* was that the State had failed to lay a sufficient evidentiary foundation for the photograph. 456 N.E.2d at 723.

*Goodson v. State*, 747 N.E.2d 1181, 1184 (Ind. Ct. App. 2001), *trans. denied*; *see also Keller v. State*, 25 N.E.3d 807, 814 (Ind. Ct. App. 2015) (recognizing that a

police officer's identification of a defendant, with whom the officer is familiar, in a video can be helpful to the jury and is admissible), *trans. pending*.

[12] Here, Detective Teuton's descriptions of the videos helped the jury identify Cain in the videos and understand the language used in the videos with respect to the transaction. Thus, Cain cannot demonstrate fundamental error on this issue.[2]

## Issue Two: Sufficiency of the Evidence

[13] Cain also contends that the State presented insufficient evidence to support his convictions. Our supreme court has held that, when there is substantial evidence of probative value to support a conviction, it will not be set aside. *Jones v. State*, 783 N.E.2d 1132, 1139 (Ind. 2003). When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the conviction. *See Dallaly v. State*, 916 N.E.2d 945, 950 (Ind. Ct. App. 2009). We do not assess witness credibility or reweigh the evidence. *Id.* We consider conflicting evidence most favorably to the trial court's ruling. *Id.* We affirm the conviction unless "no reasonable fact finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* (quoting *Jenkins v. State*, 726 N.E.2d 268, 270

---

[2] We note that pages 99-120 are missing from the trial transcript, which contain portions of Detective Teuton's testimony on cross-examination on redirect. Regardless, their absence does not affect the outcome here.

(Ind. 2000)).  Evidence is sufficient if an inference may reasonably be drawn from it to support the conviction.  *Id.*

[14]  To prove Dealing in Cocaine under Indiana Code Section 35-48-4-1(a)(1), the State was required to show that Cain knowingly or intentionally delivered cocaine to C.H..  Cain contends that he was not identified by any admissible evidence, that no hand-to-hand delivery from Cain to C.H. was recorded, and that the State did not prove that the drugs C.H. turned over to Detective Teuton for testing were the same ones sold to her by Cain.

[15]  As was discussed above, the trial court did not err by admitting either the recordings or the testimony of Detective Teuton.  Thus, insofar as Cain's argument here is premised on the exclusion of this evidence, Cain's argument must fail.  In light of that evidence, the State presented sufficient evidence to support the jury's finding that Cain sold crack cocaine to C.H.  We affirm Cain's convictions.

# Issue Three:  Sentencing

[16]  Finally, Cain contends that his aggregate sentence of twenty years executed is inappropriate in light of the nature of the offense and his character, and he instead requests that we impose an aggregate term of thirteen years executed. Article 7, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court."  *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original).  This appellate authority is implemented through Indiana Appellate Rule 7(B).  *Id.*

Revision of a sentence under Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offense and his character. *See* Ind. Appellate Rule 7(B); *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). "[A] defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review," *Roush*, 875 N.E.2d at 812, and we recognize the special expertise of the trial court in making sentencing decisions, *Davis v. State*, 851 N.E.2d 1264, 1267 (Ind. Ct. App. 2006).

[17] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222, 1224 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224.

[18] Cain asserts that his sentence is inappropriate in light of the nature of the offenses and his character because he earned his GED while incarcerated in 2011, he is writing and hopes to publish a book, he has struggled with a drug problem, and he would like to return to Michigan to be with his family. But the

trial court accounted for those facts and found them to be insignificant. Moreover, Cain committed the instant offenses while on probation for another crime, just three months after he had been placed on that probation. Further, Cain has four prior convictions, including three felonies, two of which were for dealing in cocaine. Thus, we cannot say that Cain's sentence is inappropriate.

[19] Affirmed.

Riley, J., and Barnes, J., concur.