## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 15 2016, 8:25 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Isaiah O. Batson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 15, 2016

Court of Appeals Case No.
84A01-1505-CR-468

Appeal from the Vigo Superior Court

The Honorable David R. Bolk, Judge

Trial Court Cause No.
84D03-1209-FC-3083

**May, Judge.**

[1] Isaiah O. Batson appeals the revocation of his probation. He argues the trial court erroneously entered a written sentencing statement that orders him to serve more years than the court orally pronounced during the probation revocation hearing. We remand.

## Facts and Procedural History

[2] On December 12, 2012, Batson pled guilty to Class C felony battery by means of a deadly weapon and admitted being an habitual offender. In return, the State dismissed pending Class A felony attempted voluntary manslaughter and Class B felony attempted aggravated battery charges. On January 11, 2013, the trial court sentenced Batson to five years with a five year enhancement based on his adjudication as an habitual offender. The court ordered "five (5) years of the sentence shall be executed at the Indiana Department of Corrections [sic] and orders execution of the balance of the sentence suspended." (App. at 63.) The trial court ordered the suspended portion be served "on formal probation under the supervision of the Adult Probation Department for a period of three (3) years, followed by a period of informal probation of two (2) years." (*Id*. at 64.)

[3] On January 27, 2014, Batson filed a *pro se* request for "Direct Alternative Placement." (*Id*. at 74.) The trial court held a hearing on the matter, and deemed Batson's request a petition to modify sentence. On April 3, 2014, the trial court granted Batson's request and ordered "the previously executed sentence to be modified to time served in the Indiana Department of

Corrections [sic].” (*Id*. at 95.)  In that order, the trial court affirmed the previous sentencing order “in all other respects,” (*id*.), and ordered Batson to immediately report to the Vigo County Adult Probation Department “to be placed on formal probation.”  (*Id*.)

[4] Under the terms of his probation, Batson was prohibited from “possess[ing] or us[ing] any controlled substance, except as prescribed by a licensed medical practitioner.  This also includes all synthetic substances or synthetic equivalents with similar chemical structure and pharmacological effects of marijuana/cannabis, including but not limited to any form of K-2 and/or bath salts.”  (*Id*. at 98.)  Batson also agreed to breathalyzer and drug screenings.  The probation agreement indicated, “a positive test for any of the aforementioned substances will be deemed a violation of probation.”  (*Id*. at 99.)

[5] On July 15, 2014, the State filed a notice of probation violation based on Batson’s six positive drug screens for marijuana, methamphetamine, and amphetamine between May 19 and July 3, and failure to submit to drug screens on June 19, June 23, June 26, and July 14.  Batson was arrested, and the trial court held an initial hearing on the matter.  On September 2, the parties agreed to a predispositional release and the trial court ordered Batson to apply for the “Vigo County Jail Alcohol and Drug Linkage Program.”  (*Id*. at 110.)  Batson did so, was accepted into the program, and successfully completed the jail linkage program on November 5, 2014.  The Jail Linkage program recommended Batson complete a sober living program for ninety days.  On

November 13, Batson was placed in "Club Soda," (*id.* at 118), at "Freebirds Solution Center." (*Id.* at 122.)

[6] On December 19, 2014, the State filed a petition to revoke Batson's predispositional release, alleging "[Batson] was unsuccessfully discharged from the Freebirds program for refusing a drug screen and absconding from the facility. To date, he has not contacted his Adult Probation Officer and his whereabouts are unknown." (*Id.*) The State requested a warrant for Batson's arrest and revocation of his probation.

[7] At the probation revocation hearing on March 12, 2015, Batson admitted to violating the terms of his probation by testing positive for marijuana four times and methamphetamine or amphetamine four times. The trial court revoked Batson's probation and ordered him to be evaluated for the Jail Linkage program. Batson was not approved for the program.

[8] On May 7, 2015, the trial court held a hearing. At the hearing, the State requested "that the balance of his formal probation, three (3) years, the balance of the three (3) years, minus the credit for any time served, would be revoked and that he would be sentenced to the Indiana Department of Correction." (Tr. at 102-3.)[1] The trial court sentenced Batson, stating:

---

[1] We commend the Court Reporter on the excellent preparation of the transcript in this matter. There were fourteen hearings held and each was quite short. In accordance with Indiana Appellate Rule 28, the Court Reporter consecutively numbered and separated into volumes each hearing, which significantly aided our review of this matter.

I'm gonna [sic] sentence you Mr. Batson to the balance of the three (3) year sentence; order you placed into a Therapeutic Community. I'm gonna [sic] treat it as uh, Purposeful Incarceration. You complete it, I'm gonna [sic] suspend the rest of your sentence, bring you back here and get you in a sober living place, see if you can do it.

(*Id.* at 106.) In its sentencing order dated the same day, the trial court stated, "[t]he Court now revokes [Batson's] probation and orders that the balance of the sentence heretofore imposed and suspended be executed at the Indiana Department of Correction." (App. at 144.)

# Discussion and Decision

[9]     In *McElroy v. State*, our Indiana Supreme Court set forth our standard of review when the trial court's written and oral sentencing statements are not consistent:

> The approach employed by Indiana appellate courts in reviewing sentences in non-capital cases is to examine both the written and oral sentencing statements to discern the findings of the trial court. *Corbett v. State*, 764 N.E.2d 622, 631 (Ind. 2002) ("In reviewing a sentencing decision in a non-capital case, we are not limited to the written sentencing statement but may consider the trial court's comments in the transcript of the sentencing proceedings.") (quoting *Walter v. State*, 727 N.E.2d 443, 449 (Ind. 2000)); *Strong v. State*, 538 N.E.2d 924, 929 (Ind. 1989) ("In addition to the discussion set forth in the separate sentencing order, this Court has reviewed the trial court's thoughtful comments at the conclusion of the sentencing hearing."); *see also Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006); *Powell v. State*, 751 N.E.2d 311, 315 (Ind. Ct. App. 2001); *Newman v. State*, 719 N.E.2d 832, 839 (Ind. Ct. App. 1999). Rather than presuming the superior accuracy of the oral statement, we

examine it alongside the written sentencing statement to assess the conclusions of the trial court. This Court has the option of crediting the statement that accurately pronounces the sentence or remanding for resentencing. *Willey v. State*, 712 N.E.2d 434, 446 n. 8 (Ind. 1999) ("[T]he trial court issued its written sentencing order that was consistent with the Abstract of Judgment, but at odds with the oral pronouncement at the sentencing hearing . . . . Based on the unambiguous nature of the trial court's oral sentencing pronouncement, we conclude that the Abstract of Judgment and Sentencing Order contain clerical errors and remand this case for correction of those errors."). This is different from pronouncing a bright line rule that an oral sentencing statement trumps a written one.

865 N.E.2d 584, 589 (Ind. 2007).

[10] The trial court's oral sentencing statement and written order differ significantly. At the sentencing hearing, the trial court, *based on the recommendation of the State*, pronounced:

> I'm gonna sentence you Mr. Batson to the balance of the three (3) year sentence; order you placed into a Therapeutic Community. I'm gonna treat it as uh, Purposeful Incarceration. You complete it, I'm gonna suspend the rest of your sentence, bring you back here and get you in a sober living place, see if you can do it.

(Tr. at 106.) Batson's original sentence required him to serve three years of formal probation and two years of informal probation. That oral statement of revocation strongly suggests the trial court intended to revoke the three-year period of formal probation. However, the written sentencing order revokes "the balance of the sentence," (App. at 144), which the abstract of judgment

indicates was revocation of the entire five-year suspended portion of Batson's original sentence, both formal and informal probation. As we cannot reconcile the conflict between three and five years, we remand for the trial court to clarify Batson's sanction upon probation revocation.[2]

## Conclusion

[11] Because there are significant discrepancies between the trial court's oral and written sentencing statements, we remand the matter of Batson's sanction as a result of his probation revocation for further clarification of the trial court's intention.

[12] Remanded.

Najam, J., and Riley, J., concur.

---

[2] Batson also argues the trial court abused its discretion when it ordered him to execute the remainder of his sentence in the Department of Correction. As we remand for clarification of Batson's sanction based on his probation revocation, we need not address that argument at this time.